Schaffhauser, Appellant, *v.* Arnholt & Schaefer Brewing Company.

*Corporations—Officers—Salary—President—Vote of officer on his own salary.*

The president of a corporation cannot, against the protest of a minority of the board of directors, and as against stockholders who choose to challenge the action, sustain a claim for an increase of salary, the right to which, if it exists, is secured by his own vote as a member of the board which allows it.

Argued April 2, 1907. Appeal, No. 107, Jan. T., 1907, by plaintiffs, from decree of C. P. No. 1, Phila. Co., March T., 1906, No. 3,891, dismissing bill in equity in case of Charles Schaffhauser et al., Executors of the Estate of Henry Schaefer, deceased, *v.* Arnholt and Schaefer Brewing Company, William II. Zimmermann, C. Harry Savage and James A. Griffiths. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Bill in equity for an injunction. Before BRÉGY, J.
The facts are stated in the opinion of the Supreme Court.

*Error assigned* was the decree dismissing the bill.

*Isaac Hassler,* for appellants.—The voting of a salary or compensation must be entirely free from fraud, actual or con-

structive.   The vote is illegal if it is carried only in including the vote of the director who received the salary or pay : Berg-doll v. Bergdoll Brewing Co., 10 Pa. Dist. Rep. 173; Loan Assn. v. Stonemetz, 29 Pa. 534; Wickersham v. Crittenden, 106 Cal. 327 (39 Pac. Repr. 602); Jacobson v. Lumber Co., 184 N. Y. 152 (76 N. E. Repr. 1075); Ward v. Davidson, 89 Mo. 445 (1 S. W. Repr. 846); Chamberlain v. Pacific Wool-Growing Co., 54 Cal. 103.

*John G. Johnson*, with him *Henry P. Brown*, for appellees. —Many of the cases cited by the appellant, to the effect that a director is not entitled to compensation, are applicable simply to compensation of a director as such.   They have no bearing upon the question of compensation as a president.

The proper rule, which should govern cases like the present, is this : Where the compensation is fixed by the deciding vote of the person involved, a court of equity should grant relief if it appears that, by virtue of such voting, a fraud was worked upon the corporation, i. e., in the shape of an improper salary. Where, however, it appears affirmatively that the compensation is reasonable and. proper, no relief should be granted : Ashhurst's App., 60 Pa. 290 ; Gardner v. Butler, 30 N. J. Eq. 702.

OPINION BY MR. JUSTICE ELKIN, May 20, 1907:

The defendant, Zimmermann, first became president of the brewing company March 26, 1902, and had been re-elected annually by the board of directors during the ensuing years since that time.   The annual salary prior to his election in 1902 had been fixed at $5,200, which amount was paid to and accepted by him as compensation in full for his services as president. In September, 1903, the board of directors, with the consent of the Schaffhausers, increased his salary as president to $5,720, which amount he continued to receive until an attempt was made to increase the same under the circumstances hereinafter stated.   At the annual meeting of stockholders held December 1, 1905, William H. Zimmermann, C. Harry Savage, James A. Griffiths, Milcah I. Schaffhauser and Charles Schaff-hauser were elected directors for the ensuing year.   The three directors first named were chosen by the Zimmermann inter-

ests, and the two last named by the Schaffhauser interests, and this result was obtained under an agreement between Zimmermann and his sister, Mrs. Schaffhauser, dated March 26, 1902, at which time Zimmermann purchased the Arnholt stock, which was less than a majority of the whole capitalization, whereby Zimmermann was permitted to vote his stock cumulatively for two directors other than himself, thus putting it in his power to always elect a majority of the board friendly to his interests, although his sister owned or controlled a majority of the stock.    At a meeting of the board held December 23, 1905, all of the directors being present, Zimmermann was elected president and Savage secretary and treasurer.    Prior to that time Schaffhauser had been treasurer and he was defeated for re-election to this position by the votes of Zimmermann, Griffiths and Savage himself.    In other words, these three directors acted together to serve the interests and purposes of Zimmermann.    At the time of his election as president, in 1905, Zimmermann was receiving a salary of $5,720 per year, which amount he continued to accept up to January 27, 1906, upon which date, at a meeting of the board of directors, at the instance of Zimmermann, a motion was made by Savage, seconded by Griffiths, to increase his salary to $10,400 annually.    The Schaffhausers protested against the increase.    When the motion was put by Zimmermann, as president, Savage and Griffiths voted in favor of its adoption and the two Schaffhausers against it, whereupon Zimmermann cast the deciding vote in favor of increasing his own salary and declared the motion carried.    This bill was filed asking for an injunction to restrain the defendants from paying Zimmermann the increased salary authorized by the action of a majority of the board under these circumstances, and praying for a decree requiring him to refund to the brewing company such sums as he may have received as salary in excess of $5,720 per year, which amount, it is admitted, he is entitled to receive. The learned court below dismissed the bill, and refused to grant the relief prayed for.

This appeal raises the narrow question whether the president of the defendant corporation, over the protest of a minority of the board, and as against stockholders who choose to challenge the action, can sustain his claim for an increase of salary,

the right to which, if, indeed, any such legal right exists, was secured by his own vote as a member of the board which allowed it. The exact question has not been determined by this court. While it may not be legally accurate to say that a director of a corporation is a trustee for the entire body of stockholders, within the exact meaning of that term, there can be no doubt he does occupy such a fiduciary relation as to imperatively demand, both in good morals and sound law, that he shall manage the business of the company in such a manner as to promote, not his own interests, but the common interests of all the shareholders. He is a mandatary, or agent, or implied trustee of the stockholders, and as such the doctrine applicable to trust relations will be enforced against him and in favor of the rights of the stockholders. The generally accepted rule, applicable to such cases, is that the voting of a salary or compensation to a director, who either is, or is not, an officer of the board, must be entirely free from fraud, actual or constructive, and that the action is illegal, if it is determined by the vote of the director, or officer, whose salary is thus increased. This principle seems to be of almost universal application, recognized by the courts and the text-writers : 2 Cook on Corporations, sec. 657 ; 21 Am. & Eng. Ency. of Law (2d ed.), 910 ; Wickersham v. Crittendon, 106 Cal. 327; Ward v. Davidson, 89 Mo. 445 ; Butts v. Wood, 37 N. Y. 316 ; Jones v. Morrison, 31 Minn. 140. The general application of this principle is conceded by the learned counsel for appellees, but it is argued, that such action by the board is only voidable, not void, and that when a bill in equity is presented to a chancellor asking that the action be avoided on the ground that the increase of salary was unreasonable, it then becomes a question of fact to be determined by the chancellor, who, if satisfied that the increase of salary was reasonable and a just compensation for the services rendered, should refuse to grant the injunction. This position cannot be sustained without doing violence to the spirit of the rule. Whether the action by a majority of the board of directors, including the beneficiary of the increased salary, is absolutely void, or only voidable, need not now be determined. For the purposes of this case, it is only necessary to decide, and we do so decide, that it is voidable, when the minority of the board of directors, or

a stockholder, chooses to have it set aside in a proper legal proceeding.

Decree reversed, bill reinstated, and record remitted to the court below with instructions to grant the relief prayed for, costs to be paid by appellees.