[No. 12209. Department Two. May 12, 1915.]

C. P. CURTISS, *Appellant,* v. DEAN & CURTISS *et al.,* *Respondents.*[1]

CORPORATIONS—RECEIVERS—COMPLAINT—SUFFICIENCY. A complaint by a stockholder for the appointment of a receiver for a solvent corporation on the ground of maladministration and mismanagement must allege facts showing maladministration and mismanagement, the general charge of that state of affairs being nothing more than a conclusion.

CORPORATIONS—RECEIVERS—GROUNDS—MISMANAGEMENT—LOSS. A receiver will not be appointed for a solvent corporation, in the absence of a charge of fraud or infringement of the legal rights of minority stockholders, because the business has been conducted at a loss for a period of time prior to the institution of a suit therefor, nor because the minority stockholders believe the policy of the majority in the manner of conducting the business and changing the location thereof is hurtful to the corporate interests.

CORPORATIONS—RECEIVERS—GROUNDS — MISMANAGEMENT — SALARY INCREASE. The fact that the majority stockholders in a solvent corporation raise the salary of the manager, while the business is conducted at a loss, is not a ground for the appointment of a receiver; since, if such increase is illegal, the remedy is an action to restrain its future payment and for the recovery of any illegal salary which has been previously paid.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered June 10, 1914, upon sustaining a demurrer to the complaint, dismissing an action for the appointment of a receiver for a solvent corporation, and for an accounting. Affirmed.

*Wm. H. Pratt (Chas. Bedford,* of counsel), for appellant.

*Hayden, Langhorne & Metzger,* for respondents.

[1]Reported in 148 Pac. 581.

MAIN, J.—This action was brought by the plaintiff seeking the appointment of a receiver for Dean & Curtiss, a solvent corporation.

The vital facts, as stated in the amended complaint, may be epitomized as follows: The plaintiff is a minority stockholder in the corporation. The Dean & Curtiss corporation was organized during the year 1908, with a capital stock of $12,000. This corporation succeeded a partnership of the same name, which consisted of the plaintiff, C. P. Curtiss, and one Arthur M. Dean, a brother of the defendant Will H. Dean. When the corporation was organized, the shares of stock therein were equally divided between C. P. Curtiss and Arthur M. Dean. Subsequent to the organization of the corporation, Curtiss and Arthur M. Dean each gave to the defendant Will H. Dean 15 shares of stock. Since that time, the latter has become the possessor of all of the stock owned by Arthur M. Dean, and now holds in his own name 63 shares of the stock, in the name of his wife, 10 shares, and in the name of one Belik, a tailor employed by the company, two shares. The plaintiff is the owner of 45 shares. The stock standing in the name of Mrs. Dean and Belik is in reality the property of Will H. Dean. Mrs. Dean and Belik are stockholders in name only.

On or about the 1st day of January, 1911, Will H. Dean secured control of the business of the corporation through his majority holding of stock, and elected himself president and manager, and Mrs. Dean and Belik trustees of the company. Since that time Dean has been conducting the business at a loss. Before that time the business had been making money and paying dividends. The amount of the loss sustained up to the time of the institution of this action was $5,121.04. It is alleged in the amended complaint that if the business is allowed to continue under its present management, that the plaintiff's investment in the stock will be changed from a dividend paying basis to an entire loss. Notwithstanding the continuing losses for the past three years, Will H. Dean, on

January 1, 1913, through his own vote and the votes of Mrs. Dean and Belik, increased his salary from $2,000 a year to $2,400 a year. This increase was made against the protest of the plaintiff. It is alleged that the increased salary, under the conditions existing, was illegal, and that the plaintiff's stock in the corporation, from an investment worth $4,500, through the "mismanagement and maladministration of Will H. Dean, has decreased in value until it is now worth not to exceed $3,000." The present assets of the corporation consist of woolens, furniture, fixtures, and bills receivable, all of which are of the value of $8,000. The present debts of the corporation are $2,500. Prior to January 1, 1913, the business of the company had been carried on at 1132 Pacific avenue, in the city of Tacoma, in the building constructed by the plaintiff and Arthur M. Dean, and still owned by them. This building had been constructed so as to be specially adapted to the conduct of the business then carried on by Dean & Curtiss. Will H. Dean, after having obtained control of the business, moved from this location to an inferior location at 1109 A street, against the protest of the plaintiff. The location in the Dean & Curtiss building is one of the most prominent and best located quarters for the business of the corporation in the city of Tacoma.

Prior to the commencement of this action, the plaintiff endeavored to negotiate with Will H. Dean for the settlement of their differences, and for the purpose of putting the company on a paying basis. The plaintiff offered to sell his stock to the defendant Will H. Dean, or purchase the stock held by the latter, but he refused either to sell or to buy, or to fix any price upon his own stock, or to offer any price for the plaintiff's stock. Will H. Dean also refused to make any change in the conduct of the business.

To this amended complaint, a demurrer was interposed and sustained. The plaintiff elected to stand upon his amended complaint and refused to plead further. Thereupon a judgment was entered dismissing the action, from which the plain-

tiff appeals.  If the facts stated in the amended complaint constitute a cause of action for the appointment of a receiver for a solvent corporation, then the judgment must be reversed.  On the other hand, if the facts stated do not show adequate ground for the appointment of a receiver, the judgment must be affirmed.

As appears from the briefs, a receiver is sought upon two grounds:  First, because of the mismanagement and maladministration of the business of the corporation; and second, because of the increase of Dean's salary from $2,000 to $2,-400 per year.  From the facts stated in the amended complaint, if there has been mismanagement of the business or maladministration of the affairs of the corporation, it consists in so conducting the business that it sustained a loss, and in changing the location of the business to a place which is claimed to be inferior.  The allegation as to the increase of salary will be separately considered.

I.  The amended complaint, it is true, makes the general charge of maladministration and mismanagement.  But this is nothing more than a conclusion.  The complaint, to state a cause of action for maladministration and mismanagement, must allege facts which show that there has been such maladministration or mismanagement.  High, Receivers (4th ed.), § 292.  The mere fact that the business had been conducted at a loss instead of at a gain for a period of time prior to the institution of the suit, does not furnish a ground for the appointment of a receiver.  Neither does the fact that the location of the business was changed.  The manner of conducting the business and the location thereof are matters of policy which may be determined by the majority stockholders, or the trustees elected by them.  In the absence of a charge of fraud—and the amended complaint does not charge fraud—or infringement of the legal rights of the minority stockholders which cannot be otherwise redressed, a court of equity will not take the control of the business from the majority stockholders and substitute its judgment for

that of the trustees elected by the stockholders. The power to appoint a receiver for a solvent corporation should be exercised with caution. The court will not interfere merely to settle disputes among stockholders, or to substitute its judgment for that of the majority of the stockholders or the trustees. In *Bergman Clay Mfg. Co. v. Bergman*, 73 Wash. 144, 131 Pac. 485, it is said:

"The power to appoint a receiver is a delicate one, and should always be exercised with caution. [Citing authorities.] This is the first rule confronting a chancellor upon an application, and the second is that a receiver should not be appointed if there is any other adequate remedy. *Secord v. Wheeler Gold Min. Co.*, 53 Wash. 620, 102 Pac. 654; 34 Cyc. 21, 23.

"It has never been the purpose of the law to subject matters of purely private right to the uncontrolled and arbitrary action of the courts. *Hutchinson v. American Palace-Car Co.*, 104 Fed. 182.

"A court will not interfere merely to settle disputes between stockholders, or to substitute its judgment for that of the majority of the trustees. Men differ in their judgment, and the law is that a majority of the stockholders, or in the interim between stockholders' meetings, the trustees, shall manage and control the affairs of the corporation. Some controlling equity must intervene to warrant the interposition of the court."

In *Secord v. Wheeler Gold Min. Co.*, 53 Wash. 620, 102 Pac. 654, speaking upon this question, it was said:

"As stated above, the policy of the corporation, if honestly conducted, must be controlled by the majority of the stockholders. Mistakes, inadvertence, or bad policy, if honestly pursued, will not warrant the appointment of a receiver. Courts will not interfere except in case of fraud or the infringement of legal acts which cannot be otherwise redressed."

The appellant cites a number of cases in support of his claim that the amended complaint shows ground for the appointment of a receiver. The case upon which he seems to place his principal reliance is that of *Boothe v. Summit Coal*

*Min. Co.*, 55 Wash. 167, 104 Pac. 207. But that case is distinguishable from the present. There, the contending interests in the corporation each held the same amount of stock, and there was "no control of the corporation by a board of trustees sustained by the majority of the stock." Here the corporation is controlled by a board of trustees which is sustained by a clear majority of the stock. It was said in the *Boothe* case that the equities of the case "does violence to the elementary idea that a corporation is to be controlled by a governing board representing a majority of the stock." In the opinion in that case it is said that that case is *"sui generis,"* which, according to Black's Law Dictionary, means "Of its own kind or class; *i. e.*, the *only one* of its own kind; peculiar." Under the peculiar facts in that case, the cause was resolved according to the law of partnership.

II. The fact that Dean caused his salary to be increased from $2,000 per year to $2,400 per year is not sufficient reason to authorize the court to appoint a receiver. If this increase of salary is illegal, upon a proper showing the plaintiff may cause an action to be instituted for the purpose of restraining its future payment, and for the purpose of recovering to the corporation any illegal salary which may have been previously paid. 3 Clark & Marshall, Private Corporations, p. 2062; 2 Thompson, Corporations (2d ed.), § 1763; *Alabama Coal & Coke Co. v. Shackelford,* 137 Ala. 224, 34 South. 833, 97 Am. St. 23; *Schaffhauser v. Arnholt & Schaefer Brewing Co.*, 218 Pa. 298, 67 Atl. 417.

The judgment will be affirmed.

MORRIS, C. J., CROW, ELLIS, and FULLERTON, JJ., concur.