Day, J.
 

 The first ground of reversal of the trial court by the Court of Appeals was the failure to require the plaintiff below to separately state and number the causes of action stated in the amended petition. It is the claim of the plaintiff in error that his employment was continuing in character from 1916 to 1924, and that the same
 
 *346
 
 amounted to a single contract. However, the amended petition avers that “plaintiff continued as president and general manager of the corporation until January, 1924; being formally and duly elected from year to year by the board of directors of defendant corporation.” The amount sought to be recovered by plaintiff in error is made up of sums originating under a different state of facts not entirely associated, each group representing a distinct claim, although growing out of a common employment. We think the same amounted to separate causes of action, and should have been separately stated and numbered. In so holding, the judgment of the Court of Appeals was right.
 

 The next question for consideration is whether the action of the three members of a board of five directors voting in favor of their own salaries and extra compensation was illegal and could not be the basis of recovery in such an action as is sought to be maintained in the present instance.
 

 It is elementary that the relation between the officers of a corporation and the corporation is that of trustee and
 
 cestui que trust,
 
 or that of agent in matters touching his agency and his principal’s property. The trustee or agent cannot have adverse interest or employment from that of his
 
 cestui que trust or
 
 principal, and the utmost good faith is required in dealings wherein the personal interest of the trustee or agent is involved. The proposition is well stated in the text of 7 Ruling Case Law, Section 447, p. 466, as follows:
 

 “Under the general principle which prohibits a director from acting for the corporation in a matter in which he is adversely interested, which
 
 *347
 
 is enforced with great vigor against officers voting themselves salaries, it is well settled that, where a salary or compensation is voted to a director, the vote is illegal, if it is carried only by including the vote of the director who receives the pay or salary. Nor, according to the better view, can a director form part of a quorum to act on a proposition to fix his salary or compensation. * * * Although the directors are given general power to enact by-laws, they cannot enact a by-law conferring on themselves the authority to fix salaries, and under the authority thus conferred proceed afterwards to vote themselves salaries. And certainly the directors cannot vote themselves ‘back pay’ as compensation for services theretofore rendered.”
 

 To the same effect is the text of 14A Corpus Juris, 143:
 

 “An officer is without authority to fix or increase his own salary. Directors are precluded from fixi ing, increasing, or voting compensation to themselves for either past or future services by them as directors or officers, unless they are expressly authorized to do so by the charter or by the stockholders. The director who claims compensation for his services, being disqualified from voting on the question, if he is necessary to make up a quorum of the board, or if his vote is necessary to the result, the resolution will be void.”
 

 The foregoing excerpts are supported by cases cited in the text, and the same form the basis for the conclusion reached by the Court of Appeals as to the illegality of the action of interested mem bers of the board of directors in voting themselves
 
 *348
 
 the extra compensation in controversy in this action. And, since the extra compensation in controversy was fixed by resolutions of the board of five directors, three of whom, including this plaintiff in error, being adversely interested, voting therefor, it is manifest that without the vote of at least one of such three, the resolutions would not have passed. We accordingly hold that the Court of Appeals did not err in finding that “plaintiff is not entitled to recover any sum whatever on the cause of action set forth in the amended petition.”
 

 . “The president of a corporation cannot sustain, as against a minority of the board of directors, and as against stockholders who challenge the. action, his claim for an increase of salary, the right to which, if any right exists, was secured by his own vote as a member of the board of directors that allowed the increase.”
 
 Schaffhauser
 
 v.
 
 Arnholt & Schaefer Brewing Co.,
 
 218 Pa., 298, 67 A., 417, 11 Ann. Cas., 772.
 

 See note, 11 Ann. Cas., 773. See, also,
 
 State ex rel. Lawrence, Atty. Gen.,
 
 v.
 
 People’s Mutual Benefit Association,
 
 42 Ohio St., 579.
 

 Many cases might be cited to the same effect, but such additional citation is unnecessary.
 

 The remaining question presented is whether or not, under the pleadings in this case, the plaintiff was entitled to recover a judgment upon a
 
 quantum meruit
 
 basis.
 

 While the amended petition, after detailed averments as to fixed compensation for each of the years from 1915 to 1924, and specific averments as to resolutions passed by the board of directors
 
 *349
 
 at the beginning of certain years, looking to the payment of a bonus, and specific averments as to resolutions passed by the board of directors at the end of certain years, authorizing the payment of a bonus, and averments of the reasons why the bonus had not been withdrawn from the treasury of the company for the years 1918, 1919, and 1923, contained this paragraph, “Plaintiff further says that, in view of the services performed and the financial results obtained by him for the benefit of said corporation, the remuneration provided under said contract for said years was fair, reasonable, and moderate, and thereby there became and is due and owing to him from defendant, as hereinbefore set forth, the following amounts, to wit: For the year 1918, $5,000, for the year 1919, $9,000, for the year 1923, $2,735, with interest at the rate of 6 per cent, per annum from the respective dates hereinbefore set forth,” which, standing alone, might be construed into an averment that the services rendered were reasonably worth the sums mentioned, yet, taken in connection with the averments of the amended petition, that sums were due by reason of a contract, the averment was in fact for the purpose of justifying the action of the directors in contracting to pay a bonus to themselves.
 

 This evidently was the view of the trial court and of counsel, both for the plaintiff in error and for the defendant in error, since the cause was tried upon the issue of the validity of the contract made by the directors with themselves; and the judgment of the trial court is that plaintiff recover the exact sum provided in the contract, with interest.
 

 
 *350
 
 The prayer of the petition is for specific sums, with an alternative prayer that, “if the court shall find for any reason that the amounts aforesaid, or any portion thereof be not
 
 now
 
 due, the court enter its order determining the rights of the plaintiff, * * * and that the defendant be ordered to pay plaintiff the amounts to which the court finds he is entitled as and when the court shall find the same to become due and payable,” which is clearly a prayer, not that the court give judgment for such sums as the services may be shown to be reasonably worth, but a prayer in effect that if the court finds that the sums provided in the contract, or a portion thereof, are not now due, he make an order requiring the payment when and as due.
 

 Since the common pleas court did not try the case upon the theory of
 
 quantum meruit,
 
 it is our judgment that the pleadings do not require an affirmance of such judgment of the common pleas court and a reversal of the judgment of the Court of Appeals upon the theory that the trial court might have tried the case and arrived at his judgment upon the
 
 quantum meruit
 
 theory.
 

 The judgment of the Court of Appeals that there was error in overruling the motion to separately state and number the various causes of action is affirmed, and also its conclusion that the plaintiff is not entitled to recover on the causes of action set forth in the amended petition. The record not disclosing a case involving the right of the plaintiff to recover upon the doctrine of
 
 quantum meruit,
 
 upon pleadings tendering such issue, this court does not feel at this time called upon to state its conclusions relative thereto.
 

 
 *351
 
 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Allen, Kinkade, Robinson and Matthias, JJ., concur.