## Carter v. Louisville Railway Company et al.

(Decided March 17, 1931.)

WALTER P. LINCOLN for appellant.

CHAS. G. MIDDLETON, EDWARD P. HUMPHREY, WILLIAM W. CRAWFORD, and LOUIS SEELBACH, Jr., for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

This suit was instituted by the appellant, Allen R. Carter, for himself and other stockholders of the Louisville Railway Company, against the company, James P. Barnes, Churchill Humphrey, and Charles W. Milner, to recover of the three individual defendants for the use and benefit of the company certain fees which they had received for attendance upon meetings of its executive committee. It was charged that Barnes had been wrongfully paid an aggregate of $7,575, Humphrey $2,500, and Milner $825 in the period from September 27, 1922, to October 1, 1929. During all of that time Mr. Barnes was president of the company. Mr. Humphrey was general counsel from February 19, 1926, to December 12, 1928, on which date Mr. Milner succeeded him.

The further substance of the petition as amended is that the plaintiff is the holder of common and preferred stock in the company; that the individual defendants were salaried officers of the company and were also directors and members of its executive committee; that the liberal salaries paid them were for the performance of all the duties appertaining to their respective offices; that during the times stated "the company was in a hazardous financial position, with decreasing earnings and increasing expenditures;" and that it was the duty of the defendants to prudently and economically administer its affairs and conserve its assets. It was asserted that, in violation of those trusts and duties, and in fraud upon the rights of the company and its stockholders, the defendant, Barnes, on September 27, 1922, caused and procured the adoption of the following as an amended by-law by the company's board of directors:

> "With the exception of salaried officers, every director shall receive an attendance fee of ten dollars for every meeting attended, and every member of the Executive Committee shall receive an attendance fee of twenty-five dollars for each meeting of the Committee attended."

As a construction of the by-law, it was claimed that salaried officers of the company are expressly excluded from those who should be paid the fees.

The petition further averred that the by-law is void and fraudulent because passed and adopted by the votes of the persons benefited thereby, without the knowledge or assent of the stockholders of the company, and that payments made thereunder are illegal and fraudulent, since they constitute a breach of trust. The plaintiff stated that, when he learned of the existence of the by-law, he immediately notified the officers and directors of the company that the payments were unauthorized and a fraud on the company, and requested them to take action to recover the sums paid, but the board of directors refused to do so or to rescind the by-law.

The joint answer of the defendants denied the adverse charges of the petition. They admitted having been paid fees for attending meetings of the executive committee which they affirmatively pleaded were legal and proper. It was further averred that the charter of

the Louisville Railway Company granted by the General Assembly of Kentucky in 1867 provided that its affairs should be conducted by a board of directors. Section 5 of that charter is as follows:

"The said Board of Directors may make such rules, regulations and by-laws for the management of the affairs of the said corporation as they may deem proper, not inconsistent with the laws of this State, or of the United States."

A full set of by-laws was adopted by the board of directors on August 18, 1920, included in which was paragraph 3, section 5, article 2, as follows:

"With the exception of salaried officers, every director shall receive an atendance fee of Five Dollars for every Board meeting attended, provided that at every meeting there be divided among the non-salaried Directors in attendance not less than the sum of Thirty-five Dollars and with the same exception every member of the Executive Committee shall receive an attendance fee of Ten Dollars for every Committee meeting attended."

Thereafter, on May 19, 1921, nine of the fifteen directors being present, only one of whom was a salaried officer, this resolution was adopted:

"That the by-laws be so amended as to allow salaried officers to participate in fees for attendance on Executive meetings."

On September 27, 1922, the above paragraph of section 5, article 2, was amended to read as follows:

"With the exception of salaried officers, every director shall receive an attendance fee of Ten Dollars for every meeting attended; and every member of the Executive Committee shall receive an attendance fee of Twenty-five Dollars for each meeting of the Committee attended."

The defendants asserted that the action of the directors in establishing an executive committee for the performance of certain duties and providing for fees as compensation to those in attendance was within the discretionary powers of the board. It was stipulated that

this committee consisted of six members of whom the defendants, Barnes and Milner, were salaried officers.

A demurrer to the second paragraph of the answer, containing the affirmative plea, was carried back to the petition and sustained. The plaintiff, electing to stand on his petition, suffered its dismissal.

We direct our attention, first, to the construction to be given the by-law in effect during the period involved, that is, the one adopted in September, 1922, last quoted. It consists of two simple sentences, forming by the conjunction a compound sentence. Each of these clauses has its own subject and predicate. We do not think that the phrase "with the exception of salaried officers" applies to the second clause. Such construction is fortified by the history and development of the by-law. That of August 18, 1920, clearly excluded salaried officers from participating in fees paid for attendance upon directors and executive committee meetings. It was changed in May, 1921, by resolution so as to specifically authorize payment of those fees to members of the committee. There is nothing to indicate any change in the policy then established when it came to enacting the new set of by-laws in 1922.

But, as indicated, the validity of this by-law as it pertains to salaried officers is brought in question. It is to be observed that the special charter of the Louisville Railway Company empowers its board of directors to adopt by-laws. That authority is now given corporations organized under the Statutes, section 542 providing that the corporation shall have power "to prescribe by its board of directors by-laws for the government of the corporation not inconsistent with law." We cannot sustain the argument that the grant of power to directors is restricted to the adoption of rules and regulations for the management of the ordinary affairs of the company. The only restriction is that the by-laws so adopted shall not be contrary to the law.

The same inhibition or restriction was recognized as the law at the time the special charter of the Louisville Railway Company was granted, for it was declared in Sayre v. Louisville Union Benevolent Association, 62 Ky. (1 Duv.) 143, 85 Am. Dec. 613:

"The power of a corporation to make by-laws for the government of its members does not author-

ize it to violate the law, nor to require its members to do so. The power is limited by the nature of the corporation and the laws of the country. It can make no rule which is contrary to law, good morals, or public policy.''

The basis of the claimed illegality is that directors are trustees, and, as such, are precluded from dealing with corporate funds and property for their private gain. Judge Lindsay, writing for the court, in Covington & Lexington Railroad Co. v. Bowler's Heirs, etc., 72 Ky. (9 Bush) 468, thus expresses that rule and principle in connection with the duties of directors of a corporation:

"There is no doctrine better settled nor more universally recognized than that an agent or trustee can not rightfully place himself in a position exciting in his own bosom a conflict between self-interest and the duty he owes to those for whom he acts. Generally such persons will not be allowed to purchase and make profit out of the estate of those toward whom they occupy a confidential relation.''

The question before us is this: Is the by-law which provides payment of fees to directors who are salaried officers for a special duty in conflict with that fundamental principle of law, and therefore ultra vires and void? If it is not, it cannot be considered a fraud upon the rights of the stockholders.

The adoption of the questioned by-law was within the authority expressly delegated to the board, and ignorance of the stockholders of that action until a subsequent date is immaterial.

It is well established that the courts will not interfere with the discretion of a board of directors in exercising its legal powers by acting within the limits of its charter, and without fraud, actual or constructive, upon the stockholders, regardless of motives. Haldeman v. Haldeman, 176 Ky. 635, 197 S. W. 376. The reasoning and citations of authority contained in that opinion need not be repeated.

The questioned action of the board of directors established a general rule of conduct of the company's business. If in fact Mr. Humphrey and Mr. Milner as directors voted for the adoption of the by-law, the former did not personally benefit thereby for three and a half

years and the latter for over six years thereafter. We can see no merit whatever in the claim as it affects either of those defendants.

It is charged that Mr. Barnes voted for the payment of the emolument to the members of the executive committee, of which it appears he was then a member, so a more substantial issue is raised as to the claim asserted against him.

We can see no difference in such a by-law providing for additional per diem compensation for special services and a resolution providing stated salaries for any or all services. It is fundamental in corporate management that the directors shall have power to fix compensation of the officers of the company, but, with a few exceptions and some qualifications, it is generally held that individual directors have no power to vote themselves salaries or compensation. Thus a resolution providing for compensation has been held void where the presence of the director benefited was necessary to complete a quorum of the board and where his vote was necessary to the result. 3 Thompson on Corporations, section 1830. It has also been held, however, that such proceeding is not void where the result would have been the same if he had not voted. Id. sec. 1831. Ordinarily, where executive officers are members of the board of directors, the same results apply in the fixing of their compensation as officers. Id. secs. 1859, 1860.

In considering this doctrine, in Beha v. Martin, 161 Ky. 838, 171 S. W. 393, 395, we wrote:

"While there is authority to the effect that directors may vote increased salaries to themselves as officers, where each one refrains from voting when the resolution affecting himself is voted on (McNab v. McNab, etc., Co., 62 Hun, 18, 16 N. Y. S. 448; Id. 133 N. Y. 687, 31 N. E. 627), yet it is elementary that no person can vote on his own case. Nor can his vote be counted for the purpose of constituting a quorum. Schaffhauser v. Arnholt & Schafer, etc., Co., 218 Pa. 298, 67 A. 417, 11 Ann. Cas. 772; Copeland v. Johnson Mfg. Co., 47 Hun [N. Y.] 235."

That case dealt with a close corporation where three of the four directors, which three owned substantially all the stock, voted themselves salaries. It was held that,

since each of them voted to establish his own salary, the action was invalid.

In Poutch v. National Foundry & Machine Co., 147 Ky. 242, 143 S. W. 1003, three persons who owned a majority of the stock in a corporation constituted its board of directors. Their action in fixing salaries for themselves as officers was attacked by a minority stockholder. But there would have been a quorum of the board present at the time if any one of them had been absent, and, since none of them had voted in his own case, the action of the board was upheld.

It is the sounder reason, it seems to us, that a resolution of a board of directors in these matters is invalid only if the vote of the director benefited was needed to reach the result. There was no allegation in the answer that the amendment to the by-laws of September 27, 1922, which fixed the compensation sought to be recovered, was adopted by the necessary vote of Mr. Barnes. It is alleged in the petition that "the said by-law is void and fraudulent because passed and adopted by the votes of the persons benefited thereby." Construing the allegation strictly against the pleader, the chancellor did not regard it as sufficient averment that the adoption of the by-law would have failed if the persons benefited thereby had not been counted.

The judgment of the lower court is therefore affirmed.

Whole court sitting, except Judge DIETZMAN.