Stephenson, J.
 

 The salient features in this case are undisputed.
 

 There was no error committed by the trial court in permitting Hower, Shertz, Dannemiller, Galehouse, Gantz, Cox and Whitman to be made parties defendant, and there was no error in permitting them to plead.
 

 The subject of the action was claimed to be an asset of the bank. These parties alleged, and it was not denied, that they were creditors of the bank, presumably depositors. As such, they had a right to see to it that the assets were not dissipated. Although this question is not raised by the record, to which fact the Court of Appeals made reference, we refer to it in passing, to emphasize the entire absence of error on this proposition.
 

 The contention by these creditors, that the delivery and execution of the deed in question was fraudulent,
 
 *358
 
 did change the course and nature of the action. The case was tried on the theory injected into it by these creditors, and was decided favorably to them. True, there is no express fraud in this case. Stepfield parted with his $10,000 in good faith. He first took a certificate of deposit for the amount and later exchanged it for a receipt in which it was recited, in substance, that the $10,000 was received by the bank for purposes of reorganization; and when the reconstruction plan had failed, the board of directors endeavored to make Stepfield whole by executing and delivering to him a deed for some of its real estate. Their purpose is rather to be commended than criticised, but it could not be accomplished in the manner attempted at the directors’ meeting of December 26, 1930, when the execution and delivery of the deed were authorized.
 

 The board of directors of this bank consisted of nine members, five of whom were present, including Stepfield. All of them voted to pass this resolution, and Zimmerman, Koehler and Stepfield thereby voted in a matter in which they were adversely financially interested. This they had no authority in law to do. Their action was a nullity and carried no right, title or interest in the land in question to Stepfield.
 
 Briggs
 
 v.
 
 Gilbert Grocery Co.,
 
 116 Ohio St., 343, 156 N. E., 494: “Since said resolutions were adopted by aid of the vote of the three interested directors, such resolutions are illegal and not sufficient upon which to base an action by the officer seeking to recover such compensation, after having voted in favor of such resolution. ’ ’
 

 This. attempted action on the part of the board of directors was a nullity, and was attacked in a direct proceeding, and did constitute constructive fraud.
 

 Whether or not the bank was insolvent on December 26, 1930, was a question of fact. This fact was found by the trial court, and there was
 
 some evidence
 
 
 *359
 
 to support it, and it is not further considered by this court.
 

 We quite agree that this $10,000 deposit was a “special” deposit when made, but it was transferred into the “general” or checking fund of the-bank for the purpose of taking care of the Federal Reserve letters; in other words, to pay a debt of the bank. This was done with Stepfield’s knowledge and he acquiesced in it, and thereby foreclosed himself. The fact that the $10,000 intended as a part of a reconstruction fund was placed in the general fund of the bank, on the suggestion of the state superintendent of banks, and that such superintendent advised Stepfield to secure himself, avails Stepfield nothing, as such superintendent was without authority in either instance. The superintendent of banks has no authority, express or implied, to prejudice the rights of the general creditors of a bank.
 
 Andrews
 
 v.
 
 State, ex rel. Blair, Supt. of Banks,
 
 124 Ohio St., 348, 178 N. E., 581.
 

 The sympathies of a humane court must be with Dr. Stepfield, but he must bow before the inflexibility of the law.
 

 There is no prejudicial error in this record, and the judgment of the Court of Appeals is hereby affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Day, Allen, Jones and Matthias, JJ., eoncur.
 

 Kinkade, J., not participating.