## Montgomery National Bank of Norristown v. Grater-Bodey Company

*Theodore Lane Bean*, for plaintiff.

*Russell J. Brownback* and *Roger B. Reynolds*, for defendant.

KNIGHT, P. J., July 18, 1940.—This is a matter in equity in which there are the following questions involved:

1. Is defendant corporation solvent?

2. Is defendant corporation unable to pay its debts and obligations, in the ordinary course of business, as they mature?

3. Is defendant corporation able to afford reasonable financial security to those who deal with it?

4. Is plaintiff bank entitled to equitable relief?

### Findings of fact

1. Plaintiff is a National banking corporation, duly authorized and existing under and by virtue of the acts of Congress of the United States pertaining to the organization and management of National banks, and has its place of business and office at 110 West Main Street, Norristown, Montgomery County, Pa.

2. Defendant is a business corporation, duly organized and existing under and by virtue of the laws of the State of Pennsylvania pertaining to such corporations, and has its place of business and registered office at Main and Astor Streets, Norristown, Montgomery County, Pa.

3. Defendant is organized for the purposes of operating a lumber yard and planing mill, in which business it is now engaged, and has been so engaged for many years.

4. The business, assets, and property of defendant are located in Norristown, Montgomery County, Pa., and are within the jurisdiction of this court.

5. On December 31, 1939, defendant had assets of the book value of $481,798.49, and liabilities amounting to $378,167.59, or an excess of assets over liabilities of $103,630.90.

6. Defendant corporation has borrowed money from plaintiff bank for many years, and, at the time the bill was filed, was indebted to the bank in the sum of $43,500. No payment has been made on the principal of this indebtedness since the year 1936. The indebtedness to the bank is represented by seven notes, five of them demand loans, and three time obligations. All of these notes were due at the time of the hearing.

7. The company is also liable as endorser on a note in the sum of $550, dated February 19, 1940, and due April 19, 1940, executed by Winfield H. Culp as maker, which note is secured by collateral deposited with the bank by the maker.

8. On March 7, 1940, the bank notified the company that it would require payment in full of the time note, in the sum of $8,000, which was due March 15, 1940.

9. On March 15, 1940, the company sought to renew said note for an additional period of two months, and offered to pay to the bank two months' interest, at the rate of six percent per annum, in conformity with the usual and accepted practice existing between the parties, which offer was refused.

10. The company has failed to pay the note in question.

11. The company is indebted to various other creditors, none of whom, however, is pressing for payment. The bank is the largest creditor.

12. In the year 1935 the company had an operating loss of $4,053.

13. In the year 1936 the company had an operating profit of $5,183.

14. In the year 1937 the company had an operating profit of $14,928.

15. In the year 1938 the company had an operating loss of $29,050.

16. In the year 1939 the company had an operating loss of $27,785.

17. The company is solvent.

18. The company is unable to pay its debts and obligations in the regular course of business, as they mature.

19. The assets of the corporation furnish reasonable security to those who may deal with it.

### Discussion

This bill is brought under the provisions of the Business Corporation Law of May 5, 1933, P. L. 364, and its purpose is to have receivers appointed to dissolve defendant corporation and liquidate its assets for the payment of its debts.

Section 1107, the applicable section of the act, provides:

"B. The several courts of common pleas of this Commonwealth may, upon petition filed by a creditor of a business corporation whose claim has either been reduced

to judgment and an execution thereon returned unsatisfied, or whose claim is admitted by the corporation, entertain proceedings for the involuntary winding up and dissolution of the corporation when, in either case, it is made to appear that the corporation is unable to pay its debts and obligations in the regular course of business, as they mature, or to afford reasonable security to those who may deal with it."

The language of the act is directory rather than mandatory, and would seem to leave the matter in the sound discretion of the courts.

If this were an application by the corporation, a different situation might be presented, but here defendant company is contesting the application, and stoutly maintains that its assets afford reasonable security for the payment of its bills.

The bank contends that the fact that the company had severe operating losses in 1938 and 1939 shows that its affairs should be wound up to protect its creditors. The officials of the company are hopeful for the future, and contend that the corporation is now operating at a profit.

The power to appoint a receiver for a solvent corporation should be exercised with caution: Curtiss v. Dean & Curtiss et al., 85 Wash. 435, 148 Pac. 581 (1915).

It is not a ground for the appointment of a receiver that a solvent corporation has been losing money instead of making a profit as it formerly has done: 14 C. J. §3159.

We do not think the court should enter the realm of prophecy as to the future prospects of defendant corporation. At present it is solvent, and maintains that its assets are sufficient to pay its debts. Plaintiff bank has judgment notes and an adequate remedy at law by execution if it so desires. Let it exhaust its legal remedy before turning to a court of equity.

*Conclusions of law*

1. The plaintiff has a full, complete, and adequate remedy at law.

2. The bill should be dismissed.

3. The costs should be divided between plaintiff and defendant.

### Decree nisi

And now, July 18, 1940, it is ordered, adjudged, and decreed that the prothonotary mark these findings of fact and conclusions of law filed, to become a part of the record of the case, and enter the following decree nisi: the bill is dismissed. The costs are to be paid in equal shares by plaintiff and defendant. Notice is to be given by the prothonotary, as required by the Rules of Equity Practice, that unless exceptions shall be filed to this adjudication, within 10 days from this date, the decree nisi will become the final decree as of course.

NOTE.—Exceptions to the decree nisi not having been filed, the decree duly became final.