(112 So. 139)

**BLOUNT COUNTY BANK et al. v. HARVEY.**
**(6 Div. 709.)**

(Supreme Court of Alabama. March 24, 1927.)

1. **Equity** ⬩239—Though bill will be construed most strongly against complainant on demurrer, facts well pleaded will be taken as true.

While averments of bill on demurrer will be construed most strongly against complainant, such facts as are well pleaded will be taken as true.

2. **Equity** ⬩222—Doctrine of craving oyer of written instruments and demurring if material variance between averments and instrument appears does not prevail in equity.

Doctrine of craving oyer of written instruments and of demurring if material variance between averments and instrument appears does not prevail in courts of equity, but demurrer must be based on matters apparent on face of bill.

3. **Equity** ⬩239—On demurrer it cannot be assumed that persons who were directors of two banks proceeded with merger under supervision of state superintendent of banks (Code 1923, §§ 6403–6408).

On demurrer to bill to enjoin bank merger, averring that transaction was carried on and consummated by persons who were directors of both banks representing dual and antagonistic interests, without reference to stockholders' right to participate in them, it cannot be assumed that defendants proceeded under Code 1923, §§ 6403–6408, or that attempted merger

was effected under supervision of state superintendent of banks.

**4. Banks and banking ⬤⇒54(6)—Acts of directors of private bank, advancing interests of themselves or another corporation in which they are stockholders, can be avoided.**

Directors of private bank occupy fiduciary relation, and their acts advancing interests of themselves or another corporation in which they are stockholders can be avoided by either corporation or at suit of stockholder in either, without regard to question of advantage or detriment to either corporation.

**5. Banks and banking ⬤⇒55(1)—Where illegal conduct of directors of private bank attempting merger was by directors of both banks, application to officers of corporation to interfere before bringing suit held unnecessary.**

Where illegal conduct of directors of private bank in attempting merger was by persons constituting board of directors of both banks, application, by minority stockholder before suing to enjoin merger, to officers of corporation to interfere and correct illegal conduct, would be unavailing and hence wholly unnecessary.

**6. Equity ⬤⇒90—Minority stockholder's bill to enjoin bank merger, naming banks and directors as defendants, held not demurrable for nonjoinder of parties.**

Bill of minority stockholder to enjoin bank merger, naming both corporations and persons constituting boards of directors as defendants, is not demurrable for nonjoinder of parties, either complainant or defendant, since bill does not seek to dissolve either corporation.

**7. Equity ⬤⇒232—Bill to enjoin merger of private banks, praying for appointment of receiver, held not demurrable as whole (Code 1923, § 6360).**

Bill to enjoin merger of private banks *held* not demurrable as a whole because it prayed for appointment of receiver, notwithstanding that receiver for state bank can only be appointed in suit in name of state, at instance of superintendent of banks, under Code 1923, § 6360.

Appeal from Circuit Court, Blount County; Woodson J. Martin, Judge.

Bill in equity by J. B. Harvey against the Blount County Bank and others to enjoin an attempted corporate merger. From a decree overruling demurrer to the bill, defendants appeal. Affirmed.

Ward, Nash & Fendley, of Oneonta, and Steiner, Crum & Weil, of Montgomery, for appellants.

The right and power of one corporation to consolidate and merge with another corporation is purely statutory. 14 A. C. J. 1056. The right or power of a bank or trust company is given and regulated by Code 1923, §§ 6403–6408. If the consolidation or merger of two banks is so consummated, the effect, in so far as the powers, duties, liabilities, rights, and privileges of the consolidated corporation are concerned, is determined by the provisions of Code 1923, §§ 7040–7044. Jackson v. Ariton Banking Co., 214 Ala. 483, 108 So. 359, 45 A. L. R. 1026. Since the purpose of the bill is to attack the merger of two banks, a matter of purely statutory regulation, it will be presumed that the superintendent of banks, in the exercise of his official authority, permitted the consolidation after due investigation and determination. The validity of his official acts is always presumed. City of Birmingham v. Wills, 178 Ala. 206, 59 So. 173, Ann. Cas. 1915B, .746. Indulging this presumption, the failure of the bill to deny that the requirements of the statutes were complied with must be taken against the complainant in considering the sufficiency of the bill against the demurrer. City of Birmingham v. Abernathy, 178 Ala. 225, 59 So. 180; Fowler v. Ala. I. & S. Co., 164 Ala. 414, 51 So. 393; Reel v. Overall, 39 Ala. 138. The approval of the superintendent of banks is in its nature judicial, and, unless impeached for fraud or lack of jurisdiction, is final. State v. Doster-Northington Drug Co., 196 Ala. 450, 71 So. 427; State v. Crane Co., 18 Ala. App. 194, 89 So. 901; Id., 206 Ala. 701, 90 So. 926. The averments of the bill are to be construed most strongly against the pleader. 21 C. J. 405; Birmingham W. & E. Co. v. Elyton L. Co., 93 Ala. 549, 9 So. 235; Jones v. Latham, 70 Ala. 164. A receiver for a bank can only be appointed in a suit by the superintendent of banks in the name of the state. Code 1923, § 6360; Montgomery B. & T. Co. v. State, 201 Ala. 447, 78 So. 825; The bill should show that the wrong complained of was first sought to be redressed within the corporation. Kirby v. Ft. Payne Co., ante, p. 32, 109 So. 153.

J. T. Johnson, of Oneonta, and Hood & Murphree, of Gadsden, for appellee.

The bill is not demurrable for seeking the appointment of a receiver. On demurrer, all amendable defects are considered made. Skidmore v. Stewart, 199 Ala. 566, 75 So. 1. Where his rights have been invaded, a minority stockholder has the right to maintain a bill to avoid the transaction. 14 C. J. 1064; Jones v. Missouri-Edison Elec. Co. (C. C. A.) 144 F. 765. It is not necessary to bring in all stockholders. Ervin v. Oregon R. Co. (C. C.) 20 F. 577; Hatch v. Dana, 101 U. S. 205, 25 L. Ed. 885. The complainant has the right to maintain this bill. Ala. F. M. & B. Co. v. Dubberly, 198 Ala. 545, 73 So. 911. It was not necessary for complainant to appeal first to the corporation for relief. Glass v. Stamps, 213 Ala. 95, 104 So. 237; Henry v. Ide, 208 Ala. 33, 93 So. 860.

BROWN, J. This bill is filed by the appellee, a minority stockholder in the Oneonta Trust & Banking Company, a corporation engaged in the banking business, against the appellants, the Blount County Bank, the

---

Oneonta Trust & Banking Company, and the individuals named as defendants, who constitute the directors of both of said banking corporations, to enjoin and annul an alleged abortive attempt to merge the business of the Oneonta Trust & Banking Company with that of its competitor, the Blount County Bank, and other alternative relief.

As a predicate for the relief prayed, the bill avers, in the main:

That the complainant is the owner of 44 of the 250 shares of the capital stock of the Oneonta Trust & Banking Company, of the par value of $4,400. That during the early fall of 1925, the individual defendants, Fendley, Lowry, Stephens, Buckner, and Brittain, who then constituted the board of directors of the Blount County Bank, purchased about 200 shares of the capital stock of the other banking corporation, and elected themselves as the directors of the Oneonta Trust & Banking Company, and then elected the said Fendley as the president of said last-named corporation.

"That the said board of directors of the Oneonta Trust & Banking Company, who also composed the board of directors of the said Blount County Bank, met at the Oneonta Trust & Banking Company and passed a resolution declaring that it was desirable that the assets and liabilities of the said Oneonta Trust & Banking Company be transferred to the said Blount County Bank, and at the meeting ordered and directed that the officers of the said Oneonta Trust & Banking Company call a meeting of the directors of said Oneonta Trust & Banking Company to meet at said bank on the 18th day of December, 1925, for the purpose of consolidating or merging said competing banks, and to transfer all of the property of said Oneonta Trust & Banking Company to said Blount County Bank."

That on the 18th of December, 1925, the directors of said bank passed and adopted a resolution that the assets of said Oneonta Trust & Banking Company be, and the same were, by said resolution transferred to the other banking company, without consideration. That no consideration was paid and none promised, in said transaction, to the Oneonta Company, or its stockholders. That the said directors failed or refused to state the terms of said transfer, and no provision was made by which the complainant could receive the fair reasonable value of his stock, or for issuing to him of stock in the said Blount County Bank, in lieu of his present stock.

In the resolution purporting to transfer stock of the Oneonta Company to the other bank, the value of the stock in the Oneonta Company was fixed at $68.37, and at that time it was worth par. That said reduced valuation was made "by said directors for the fraudulent purpose of obtaining the shares of complainant at a sum greatly less than their real value, and for the fraudulent purpose of defeating the complainant of the difference between" the fixed value and its real value.

The defendants demurred to the bill, questioning its equity, the right of the complainant to pursue the remedy without joining all other dissatisfied stockholders, a failure to attach a copy of the alleged resolutions as exhibit to the bill, and other grounds, and on hearing on the demurrer a decree was entered overruling the demurrer, and from that decree the defendants have appealed.

[1] While, as asserted by the appellants, the averments of the bill, on demurrer, will be construed most strongly against the complainant, yet it is also a well-settled rule that such facts as are well pleaded will be taken as true. M. & C. R. R. Co. v. Woods, 88 Ala. 630, 7 So. 108, 7 L. R. A. 605, 16 Am. St. Rep. 81; Flewellen v. Crane, 58 Ala. 627; 3 Brickell Dig. p. 390, par. 370.

[2] The doctrine of craving oyer of written instruments and of demurring if a material variance between the averments and the instrument appears does not prevail in courts of equity. The demurrer must be based on matters apparent on the face of the bill, and cannot be supported by any new fact or foreign matter asserted in the demurrer. Bromberg v. Heyer, 69 Ala. 22.

[3] Therefore, taking the averments of the well-pleaded facts apparent on the face of the bill as true, it cannot be assumed that the defendants proceeded under the provisions of sections 6403–6408 of the Code, or that said attempted merger was effected under the supervision and with the consent of the state superintendent of banks. Such assumption would belie the averments showing that the entire transaction was carried on and consummated by the directors representing dual and antagonistic interest, without any reference to the right of the stockholders to participate therein.

[4, 5] It is a sound and well-settled rule of law that the directors of a private corporation, although not technically trustees, occupy a fiduciary relation, and are required to exercise their best judgment and care in the interest of the corporation; and they cannot be allowed to exercise the powers confided to them to the detriment of the corporation in advancing their own private interests, or the interest of another corporation in which they are stockholders, and, if they do, their acts may be avoided by either corporation or at the suit of a stockholder in either of such corporations, without regard to the question of advantage or detriment to either corporation. And where, as here, the alleged illegal conduct complained of is by the same persons occupying and exercising the powers and functions of the board of directors of both corporations, a previous application to the officers of the

corporation to interfere and correct the illegal conduct would be unavailing and hence wholly unnecessary. M. & C. R. R. Co. v. Woods, supra; Ala. Fidelity Mort. & Bond Co. v. Dubberly, 198 Ala. 545, 73 So. 911.

[6] The bill does not seek to dissolve either of said banking corporations, but its controlling purpose is to prevent the wrongful conversion of the assets of the one to the sole use of the other by and through the concurrence of their respective boards of directors constituted of the same persons, and both corporations and the persons constituting the board of directors of each are made defendants, and these defendants represent all of the interest involved, except such as is represented by the complainant and those in his class as minority stockholders; hence the objection of nonjoinder of parties, either complainants or defendants, is without merit. Wilkinson v. May, 69 Ala. 33.

[7] While the bill prays for the appointment of a receiver, this is only incidental to the main purpose of the bill. Therefore, if it be conceded that a receiver for a state bank can only be appointed in a suit in the name of the state at the instance of the superintendent of banks (Code of 1923, § 6360), the demurrer was addressed to the bill as a whole, and the mere fact that it prayed for unwarranted relief did not render it subject to the objection thus' made. Wilks v. Wilks, 176 Ala. 151, 57 So. 776; Barksdale et al. v. Davis et al., 114 Ala. 623, 22 So. 17; Powe v. Payne, 208 Ala. 527, 94 So. 587.

The decree of the circuit court overruling the demurrer was free from error.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.