(113 So. 516)

**HOLCOMB et al. v. FORSYTH.    (6 Div. 853.)**

Supreme Court of Alabama.    May 26, 1927.

Rehearing Denied June 30, 1927.

**1. Injunction ⬅175—On motion to dissolve injunction, court considers substance not form of averments and treats amendable defects as amended.**

On motion to dissolve injunction on ground that bill is wanting in equity, the court considers the substance of the averments, not the form of the bill, the manner of stating the facts, or the specific relief prayed, and treats amendable defects as amended.

**2. Injunction ⬅175—On motion to dissolve injunction grounded on denial, allegations of bill will be taken as true, unless self-contradictory or positively denied, and matters in avoidance will not be considered.**

When motion to dissolve injunction is grounded on a denial in the answer, the allegations of the bill will be taken as true, unless self-contradictory or positively denied, and matters in avoidance will not be considered.

**3. Injunction ⬅175—On motion to dissolve injunction on denials of answer, court has wide discretion, and will weigh relative injury and benefits.**

In considering question of dissolution of injunction on denials of answer, court is invested with a wide discretion, and will weigh relative degree of injury or benefit to respective parties, and especially where discretion of lower court has been exercised without apparent abuse.

**4. Corporations ⬅393—Absent fraud or maladministration, equity will not interfere with internal business management of corporation, and not then unless corporation refuses or is incapable of acting or is dominated by wrongdoers.**

Courts of equity, in the absence of fraud or maladministration, destructive or injurious to corporation, will not interfere with the internal business management of corporate assets by board of directors so long as they keep within scope of charter powers and purposes of its creation, and not then unless corporation refuses to act or is incapable of seeking redress or under dominion and control of wrongdoers.

**5. Corporations ⬅320(7)—Bill to restrain maladministration of corporate affairs held to sufficiently show domination by majority stockholder and director.**

In minority stockholder's suit to restrain alleged maladminstration of corporate affairs and dissipation of assets, bill *held* to sufficiently show that assets of corporation were wholly under domination of majority stockholder and director, and that minority stockholder's appeal for correction would be futile.

**6. Corporations ⬅307—Directors, though agents as to third persons, occupy fiduciary relationship, and are liable as trustees to corporation and stockholders.**

Directors of corporation, though not strictly trustees, occupy a quasi fiduciary relation to corporation and its stockholders, and are liable as trustees, though to third persons they are agents of corporation.

**7. Corporations ⬅430—Rule against agent acting for principal where interests are antagonistic applies to officers and directors of corporation, independent of actual detriment to corporation.**

General rule of agency, which prohibits an agent from representing himself and his principal in a transaction where their interests are antagonistic, is applicable to officers and directors of private corporations, and in such cases question of actual injury or detriment to corporation is immaterial.

**8. Corporations ⬅298(5)—Director cannot form part of quorum to act in his individual interest adverse to corporation, even though he does not vote.**

A director cannot form a part of a quorum to act on a proposition in which his individual interest is adverse to the corporation, though he does not vote on the matter, but such rule does not preclude officer or director from entering into contract with corporation represented by other directors who are disinterested and constitute a quorum.

**9. Corporations ⬅308(5)—Vote of director's salary is illegal if carried only by vote of director benefited, and likewise directors empowered to enact by-laws cannot enact by-law authorizing themselves to fix salaries and under it vote themselves salaries.**

When salary or compensation is voted to a director, the vote is illegal if it is carried only by including the vote of the director who received the pay or salary, and on same principle directors given power to enact by-laws cannot enact a by-law conferring on themselves power to fix salaries and under it vote themselves salaries.

**10. Corporations ⬅308(5)—Director cannot cast controlling vote in raising own salary as officer, notwithstanding by-laws.**

Notwithstanding by-law of corporation authorizing board of directors to elect officers of corporation and fix their salaries, director cannot, in face of rule against agent acting for principal in transaction in which he is adversely interested, cast a controlling vote increasing his own salary as corporate officer.

**11. Corporations ⬅197—Stockholder cannot be deprived of right to vote stock on mere allegation of intent to use right adversely to best interests of corporation.**

Stockholder in corporation cannot be deprived of his right to vote his stock on mere al-

———

legation that he proposes to use his legal right for purposes which other stockholders may not think to the best interest or even to the detriment of the corporation.

**12. Corporations ⬉282—Ownership in fact of corporate stock necessary to qualification for holding office (Code 1923, § 6986).**

Under Code 1923, § 6986, making ownership of stock in corporation a qualification for holding office, rule of good faith applicable to fiduciary relationships must be applied in construing statute, and ownership in fact is required.

**13. Corporations ⬉282—Mere pretended transfer of stock to "dummy" dominated by majority stockholder does not qualify such person to be director (Code 1923, § 6986).**

A mere pretended transfer of stock to a subordinate employee, to be used as a "dummy" by a dominating majority stockholder seeking to overreach the minority, is not a compliance with Code 1923, § 6986, and does not qualify such person to be a director.

**14. Corporations ⬉283(2), 310(1)—Majority stockholders have inherent right to control election of directors, but law exacts good faith of director when elected.**

While right to control election of board of directors is inherent in majority ownership of stock, the law requires good faith and fair dealings, and contemplates that director, when elected, will exercise the functions of office honestly for the benefit of all stockholders, free from pernicious domination by majority stockholders.

**15. Corporations ⬉152—Directors have discretion but cannot oppressively refuse dividends warranted by business and profits.**

While it is largely a matter of discretion with directors whether they will declare dividends or use them in business, there is a limit to such discretion, and courts cannot allow directors to use their power oppressively by refusing dividends, where warranted by net profits and character of business.

**16. Corporations ⬉152—Equity may compel payment of dividends at suit of minority stockholder.**

A court of equity may compel the declaration of dividends at the suit of a minority stockholder.

**17. Corporations ⬉320(13)—Bill in stockholder's suit to restrain maladministration and dissipation of assets held sufficient as against motion to dissolve temporary injunction.**

Bill in minority stockholder's suit to restrain alleged maladministration of corporate affairs and dissipation of corporate assets, alleging domination of board of directors by majority stockholder through use of "dummy," payment of exorbitant salary to such stockholder as officer of corporation pursuant to vote of himself and dummy as directors, unwarranted use of corporate funds, and plans for extending business against will of minority stockholders, *held* sufficient to warrant denial of motion to dissolve temporary injunction.

On Rehearing.

**18. Appeal and error ⬉874(2)—On review of denial of motion to dissolve injunction, grounded only on want of equity in bill and denials in answers, court cannot consider affirmative defenses (Code 1923, § 8311).**

Where defendants, in injunction suit, grounded their motion to dissolve temporary injunction on want of equity in bill and denials in their several answers, thereby narrowing issues to be considered by trial court, they were not entitled, under Code 1923, § 8311, to have appellate court consider affirmative defenses.

**19. Corporations ⬉320(1)—Allowance of reasonable compensation to majority stockholder as corporation president, pending suit to enjoin maladministration, held discretionary with court.**

In minority stockholder's suit to restrain alleged maladministration of corporate affairs and dissipation of assets, question whether majority stockholder, as president of corporation, was entitled to reasonable compensation pendente lite, was addressed to discretion of trial judge.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill to restrain dissipation of corporate assets by A. R. Forsyth against J. H. Holcomb, Jr., the Britling Cafeteria Company, Inc., and L. G. Mason. From a decree denying motions to dissolve temporary injunction, respondents appeal. Affirmed.

E. L. All, John S. Coleman, and Bradley, Baldwin, All & White, all of Birmingham, for appellants.

The board of directors of a corporation may elect officers from its members under by-laws authorizing election of officers and fixing of salaries by the board. 14 C. J. 143; 4 Fletcher, Corp. §§ 2478, 2479; Decatur M. L. Co. v. Palm, 113 Ala. 531, 21 So. 315, 59 Am. St. Rep. 140; Seitz v. Union B. & M. Mfg. Co., 152 Minn. 460, 189 N. W. 586, 27 A. L. R. 293; Fillebrown v. Hayward, 190 Mass. 472, 77 N. E. 45; Poutch v. Nat'l. F. & M. Co., 147 Ky. 242, 143 S. W. 1003; Beha v. Martin, 161 Ky. 838, 171 S. W. 393; Matthews v. Headley Choc. Co., 130 Md. 523, 100 A. 645; Twin-Lick Oil Co. v. Marbury, 91 U. S. 587, 23 L. Ed. 328. It is not essential, to render a person in whose name stock of a corporation stands eligible as a director or officer, that he be the beneficial owner of the stock. Walsh v. State ex rel., 199 Ala. 123, 74 So. 45, 2 A. L. R. 551; Webster v. Bartlett, 35 Cal. App. 283, 169 P. 702; Royal Consol. Min. Co. v. Royal Consol. Mines, 157 Cal. 737, 110 P. 123, 137 Am. St. Rep. 165; 14A C. J. § 1829; Kardo v. Adams (C. C. A.) 231 F. 951; Moses v. Scott, 84 Ala. 608, 4 So. 742; 3 Fletcher, Corp. § 1772; Cowell v. McMillin (C. C. A.) 177 F. 25. A stockholder cannot complain of acts and transactions of

the corporation or the conduct of the majority stockholders before he became a stockholder; and he is estopped from complaining of acts, transactions, or conduct after his acquisition of stock, which he authorized or of which he failed to make seasonable complaint. Matthews v. Headly Choc. Co., supra. The board of directors has sole power of decision, and; in absence of fraud, its judgment is final and binding on the stockholders. It cannot be injoined from acting except as to matters ultra vires, in violation of the charter powers, or which would constitute a breach of trust. Moses v. Tompkins, 84 Ala. 613, 47 So. 763; Tuscaloosa Mfg. Co. v. Cox, 68 Ala. 71; Watson v. Hamilton, 211 Ala. 688, 101 So. 609; Mobile T. & W. Co. v. Hartwell, 208 'Ala. 420, 95 So. 191; Smith v. Prattville Mfg. Co., 29 Ala. 503; Wolfe v. Underwood, 96 Ala. 329, 11 So. 344.

Horace C. Wilkinson, of Birmingham, for appellee.

A director of a corporation occupies a fiduciary relation, and presumptively serves without compensation. He is entitled to compensation for performing the usual and ordinary duties of the office only when there is a valid express agreement therefor; he cannot recover on an implied contract. Twin-Lick Oil Co. v. Marbury, 91 U. S. 587, 23 L. Ed. 328; 14A C. J. 136. The general rule as to the right of directors to receive compensation applies to the executive officers of the corporation. 2 Thompson on Corp. § 1728; Navco Hardwood Co. v. Bass, 214 Ala. 553, 108 So. 452. An officer sitting as a member of the board of directors, cannot vote on the question of fixing his own salary. Steele v. Gold Fissure Co., 42 Colo. 529, 95 P. 349, 126 Am. St. Rep. 177; Paxton v. Heron, 41 Colo. 147, 92 P. 15, 124 Am. St. Rep. 123; McConnell v. C. M. & M. Co., 31 Mont. 563, 79 P. 248; Adams v. Burke, 201 Ill. 395, 66 N. E. 235; McNulta v. Bank, 164 Ill. 427, 45 N. E. 954, 56 Am. St. Rep. 203; Crichton v. Webb Press Co., 113 La. 167, 36 So. 926, 67 L. R. A. 76, 104 Am. St. Rep. 500; Miner v. Belle Isle Co., 93 Mich. 97, 53 N. W. 218, 17 L. R. A. 412; Jones v. Morrison, 31 Minn. 140, 16 N. W. 854; Butts v. Wood, 37 N. Y. 317; Ritchie v. People's T. Co., 22 S. D. 598, 119 N. W. 990; Ravenswood v. Woodyard, 46 W. Va. 558, 33 S. E. 285; Waite v. Windham Co., 37 Vt. 608; Hardee v. Sunset Oil Co. (C. C.) 56 F. 51; Luthy v. Ream, 270 Ill. 170, 110 N. E. 373, Ann. Cas. 1917B, 368; Beers v. N. Y. L. I. Co., 66 Hun, 75, 20 N. Y. S. 788; Ashley v. Kinnan (Sup.) 2 N. Y. S. 574; Davids v. Davids, 135 App. Div. 206, 120 N. Y. S. 350; Fitchett v. Murphy, 26 Misc. Rep. 544, 56 N. Y. S. 322; Beha v. Martin, 161 Ky. 838, 171 S. W. 393; 4 Fletcher, Corp. § 2752; Chamberlain v. Pacific Co., 54 Cal. 103; Kelsey v. Sargent, 40 Hun (N. Y.) 150; Copeland v. Johnson Mfg. Co., 47 Hun. (N. Y.) 235. A resolution or vote of a board of directors fixing the salary of an officer is illegal and void even in cases where he did not vote for it, if his presence was necessary to constitute a quorum. Adams v. Burke, 102 Ill. App. 148; McNulta v. Bank, supra; Wickersham v. Crittenden, 93 Cal. 17, 28 P. 788; Bennett v. Klipto Loose Leaf Co., 201 Iowa, 236, 207 N. W. 228; Thompson on Corp. 93. An officer cannot bind the corporation to pay him a salary greater than his services are reasonably worth. Wayne Pike Co. v. Hammons, 129 Ind. 368, 27 N. E. 487; Quintance v. Farmers' Mut. Aid. Asso. (Ky.) 77 S. W. 1121; Camden Land Co. v. Lewis, 101 Me. 78, 63 A. 523; Atwater v. Elkhorn Co., 184 App. Div. 253, 171 N. Y. S. 552. Directors cannot, even under a by-law, vote a salary to one of their number, where the vote of such director was necessary to make a quorum. Carr v. Kimball, 153 App. Div. 825, 139 N. Y. S. 253; McConnell v. Combination M. & M. Co., 31 Mont. 563, 79 P. 248. Mason owned no stock, and was not eligible to act as a director. Code 1923, § 6896. To hold that a director need not in good faith hold and own the stock would be to hold that the law sanctioned bad faith. In re Elias, 17 Misc. Rep. 718, 40 N. Y. S. 910; 7 R. C. L. 424. Courts can compel directors to act honestly or undo their work if they act otherwise. 6 Fletcher, Corp. 6802; Sheehy v. Barry, 87 Conn. 656, 89 A. 259; James v. Steifer Co., 35 Cal. App. 778, 171 P. 117. A minority stockholder may compel declaration of dividends where directors are guilty of fraud or bad faith in refusing to pay dividends. 4 Thompson, Corp. 980; Dodge v. Ford Motor Co., 204 Mich. 459, 170 N. W. 668, 3 A. L. R. 413. When the bill has equity, it is not matter of absolute right in the respondent to have injunction dissolved on sworn answer. Profile Cot. Mills v. Calhoun Water Co., 189 Ala. 189, 66 So. 50; Harrison v. Yerby, 87 Ala. 185, 6 So. 3.

BROWN, J. This bill was filed by the appellee Forsyth, a minority stockholder in the Britling Cafeteria Company, Inc., in his own behalf and the behalf of all other minority stockholders who may desire to join therein, against Holcomb, the majority stockholder, Mason, and the corporation, to restrain the alleged maladministration of the corporate affairs and a dissipation and wasting of the corporate assets. On the filing of the bill, a temporary injunction was granted in accordance wth its prayer, and, on the coming in of the answer, the respondents, appellants here, submitted their separate motions to dissolve the temporary injunction for want of equity in the bill and on the denials of the answers, and on the hearing the circuit court denied these several motions, and from that decree this appeal is prosecuted.

[1] On motion to dissolve an injunction on the ground that the bill is wanting in equity,

the court considers the substance of the averments—the facts stated—not the form of the bill, the manner of stating the facts nor the specific relief prayed, and all amendable defects are treated as amended. Chambers et al. v. Alabama Iron Co., 67 Ala. 353.

[2] And, when the motion is grounded on the denial in the answer, the allegations of the bill will be taken as true, unless self-contradictory, or positively denied, and matters in avoidance will not be considered. Moses v. Tompkins (Moses v. Woodson) 84 Ala. 613, 4 So. 763.

[3] In considering the question of dissolution on the denials of the answer, the court is invested with a wide discretion, and will weigh the relative degree of injury or benefit to the respective parties which may ensue from the maintenance of the injunction on the one hand or its dissolution on the other, and especially so where the discretion of the lower court has been apparently exercised without abuse. Harrison v. Yerby, 87 Ala. 185, 6 So. 3; Profile Cotton Mills v. Calhoun Water Co., 189 Ala. 181, 66 So. 50.

The bill as last amended, in so far as is material to the questions now presented, avers, in substance:

That the Britling Cafeteria Company, Inc., is a domestic corporation engaged in the business of operating three cafeterias at which food is served to the public for cash consideration, and is doing a profitable business, with a profit of $6,000 per month. That the capital stock consists of 500 shares of preferred stock, with a par value of $100 per share, drawing interest at the rate of 7 per cent. per annum and 1,000 shares of common stock of no par value. The preferred stock is without right to participate in the management of the affairs of the corporation unless default is made in the payment of the interest, and no such default has occurred.

The common stock, which controls the business policies of the corporation, as appears from the books of the corporation, is held as follows: Holcomb, 508 shares, Forsyth, 310 shares, Krug, 180 shares, Kidd, 1 share, and Mason, 1 share, but in truth and in fact Holcomb owns the shares standing on the books in the name of Kidd and Mason. That said shares of Kidd and Mason were transferred to them by Holcomb without any valuable consideration for the purpose of having Kidd serve as vice president and Mason as a member of the board of directors, and as such director to carry out such policies as may be initiated and dictated by Holcomb. That Holcomb is the president of the corporation, and Holcomb, Mason, and Krug constitute the board of directors. That in truth and in fact the said P. C. Kidd and said L. G. Mason are what is commonly known as "dummy stockholders," and are holding their stock at the pleasure of the said Holcomb. That Holcomb dominates and controls the majority of the directors and the business transacted by the directors and the voting of the stock held by Kidd and Mason. That the defendant corporation, acting through said Holcomb as its president, so circumstanced, has undertaken and proposes to expend large sums of money in enlarging and expanding its business, which is wholly unnecessary and ill-advised, "and will in truth and in fact amount to a waste of the corporate assets, and has retired or redeemed a large block of the preferred stock of the corporation in advance of its maturity.

That said individual defendants, Holcomb and Mason, acting as the majority of the board of directors, over the protest of the minority, amended the by-laws of the corporation authorizing the consolidation of the offices of president and treasurer, and making the president ex officio general manager, with large powers in respect to the conduct of the corporate business, and authorizing the consolidation of the office of vice president and secretary. At the same meeting of the board of directors, said Holcomb and Mason as such majority, and over like protest, ratified, among other acts, that of Holcomb in redeeming and retiring the 100 shares of preferred stock in advance of its maturity, ratified the act of Holcomb as president in taking out insurance on his life in the amount of $25,000 payable to his estate, and transferred to the corporation the premiums to be paid by the corporation.

At the same meeting of the board, and in like manner, a resolution was passed fixing the salary of the president at $15,000 per year, payable monthly in installments of $1,250, and fixing the salary of the secretary at $1,200, per year payable in monthly installments of $100 per month, and electing Holcomb as president and Mason as secretary.

At this same meeting motion was made by Mason that a special meeting of the stockholders be called "for the purpose of considering, approving, rejecting, or taking action upon the amendment of the by-laws of the corporation adopted by the directors at this meeting and upon the adoption of the same by the directors." This motion, like other matters above recited, was adopted by Holcomb and Mason voting in the affirmative and Krug in the negative.

At the same meeting of the directors, Krug in behalf of himself and the complainant Forsyth, made "formal demand upon the board of directors * * * to declare a dividend out of the funds on hand and available for that purpose," but it appears that the meeting adjourned without action on this demand.

At the special meeting of the stockholders following, the action of the board in amending the by-laws was then ratified, the stock of Holcomb and Mason voting for confirmation and that of Krug voting in the negative:

"Complainant further avers that the diversion and conversion of the corporate funds above referred to, by J. H. Holcomb, Jr., the election of himself as president at a salary of, to wit, $1,250 per month, and the election of L. G. Mason as secretary of the corporation at a salary of $100 per month, which is in turn, according to information and belief of complainant, paid over to said J. H. Holcomb, Jr., and the proposed expenditure of corporate funds for the proposed extension referred to, and the retirement of the preferred stock six months in advance of its retirement date, are all part of a plan or scheme on the part of the said J. H. Holcomb, Jr., to defraud the stockholders of said corporation out of the dividends to which they are entitled from the net earnings of said corporation. Complainant further avers that the salary voted J. H. Holcomb, Jr., by himself, is exorbitant, unreasonable, and unfair, and so grossly excessive as to constitute a fraud against the minority stockholders; that his services are not reasonably worth one-third of said amount; that said salary is greatly in excess of any sum ever paid said Holcomb prior to the action above referred to; that the said Holcomb was without experience in the cafeteria business prior to his connection with the respondent corporation; that the payment of said sum to said J. H. Holcomb, Jr., for salary constitutes a fraud on the stockholders and a fraud on the creditors of the corporation, and is in truth and in fact a diversion and waste of the corporate assets; that the proposed extension of the business of the corporation located on First avenue at the address above described is unnecessary and a part of a plan or scheme on the part of J. H. Holcomb, Jr., to heavily involve the corporation and to consume its net profits, increase the overhead expenses and liabilities, in order to have some color of authority for refusing to declare a dividend out of the net earnings of the corporation, all in an effort to keep the net earnings of the corporation at such figure as will permit the payment of the aforesaid salaries to J. H. Holcomb, Jr., and L. G. Mason, and, after payment of same, leave nothing with which to pay dividends to the common stockholders of the corporation."

The corporation was formed on February 1, 1925, and had conducted a profitable business up until the filing of the bill, without declaring dividends on the common stock; yet it is clear from the admitted averments of the bill and the proof offered on the hearing of the motion to dissolve that some dividends might have been declared out of the surplus profits without embarrassing the corporate business.

[4] Our decisions recognize the prevailing rule that courts of equity, in the absence of fraud or maladministration destructive or injurious to the corporation, will not interfere with the internal business management of corporate affairs by the board of directors, so long as they keep within the scope of the charter powers and the purposes of its creation, and not then unless the corporation refuses to act, is incapable of seeking redress, or is so under the dominion and control of the wrongdoers that an appeal by the stockholder for corporate actions to correct or redress the abuses would be wholly futile. Moses v. Tompkins (Moses v. Woodson) 84 Ala. 613, 4 So. 763; Decatur Mineral Land Co. v. Palm et al., 113 Ala. 531, 21 So. 15, 59 Am. St. Rep. 140; M. & C. R. R. Co. v. Woods, 88 Ala. 630, 7 So. 108, 7 L. R. A. 605, 16 Am. St. Rep. 81; Blount County Bank et al. v. Harvey, 215 Ala. 566, 112 So. 139; Fidelity Mortg. Bond Co. v. Dubberly, 198 Ala. 545, 73 So. 911.

[5] The averments of the bill are sufficient to show that the affairs of the corporate defendant were wholly under the domination of the defendants Holcomb and Mason, and that any further appeal than was made by the minority stockholders, for a correction of the alleged abuses would have been wholly futile and useless. Blount County Bank et al. v. Harvey, supra, and authorities therein cited.

[6] "While directors of a corporation may not be in the strict sense trustees, it is well established by the decision that they occupy a quasi fiduciary relation to the corporation and its stockholders. The entire management of corporate affairs is committed to their charge, upon the trust and confidence that they shall be cared for and managed within the limits of the powers conferred by law upon the corporation and for the common benefit of the stockholders. They are required to act in the utmost good faith, and in accepting the office they impliedly undertake to give to the enterprise the benefit of their best care and judgment, and to exercise the power conferred solely in the interest of the corporation. Clothed with the power of controlling the property and managing the affairs of the corporation, without let or hindrance, as to third persons, they are its agents, but, as to the corporation itself, equity holds them liable as trustees." 7 R. C. L. 456, § 441; M. & C. R. R. Co. v. Woods, 88 Ala. 630, 7 So. 108, 7 L. R. A. 605, 16 Am. St. Rep. 81; Blount County Bank et al. v. Harvey (Ala. Sup.) 112 So. 139;[1] Decatur Mineral Land Co. v. Palm, 113 Ala. 531, 21 So. 315, 59 Am. St. Rep. 140; Mobile Towing & Wrecking Co. v. Hartwell, 208 Ala. 420, 95 So. 191.

[7, 8] The general rule of agency, which prohibits an agent from representing himself and his principal in a transaction in which their interest is antagonistic and adverse, is applicable to the officers and directors of private corporations, and in such case the question of actual injury or detriment to the cor-

---

[1] 215 Ala. 566.

poration is immaterial. The purpose and reason of the rule is to secure fidelity in the agent, and will not permit him to assume a position where his own private interest will tempt him to overlook or disregard the interest of his principal. O'Conner Mining & Mfg. Co. v. Coosa Furnace Co., 95 Ala. 614, 10 So. 290, 36 Am. St. Rep. 251; Memphis & Charleston R. R. Co. v. Woods, 88 Ala. 630, 7 So. 108, 7 L. R. A. 605, 16 Am. St. Rep. 81; Bowdon Lime Works v. Moss, 14 Ala. App. 433, 70 So. 292. And a director, according to the better view, cannot form a part of a quorum to act on a proposition in which his individual interest is adverse to the corporation, though he does not vote upon the matter. 7 R. C. L. 479, § 461; Curtin v. Salmon River Hydraulic Gold Min. & Co., 130 Cal. 345, 62 P. 552, 80 Am. St. Rep. 132; Star Mills v. Bailey, 140 Ky. 194, 130 S. W. 1077, 140 Am. St. Rep. 370; Miner v. Belle Isle Co., 93 Mich. 97, 53 N. W. 218, 17 L. R. A. 412. This rule, however, does not preclude an officer or director of a corporation from entering into a contract with the corporation where the corporation is duly represented by the other directors, who are disinterested and constitute a quorum. Decatur Mineral Land Co. v. Palm, 113 Ala. 531, 21 So. 315, 59 Am. St. Rep. 140; 7 R. C. L. 481, § 462; Marine, etc., Co. v. Bradley, 105 U. S. 175, 26 L. Ed. 1034.

[9] On the other hand, "under the general principle which prohibits a director from acting for the corporation in matters in which he is adversely interested, which is enforced with great vigor against officers voting themselves salaries, it is well settled that, when a salary or compensation is voted to a director, the vote is illegal, if it is carried only by including the vote of the director who received the pay or salary. * * * So, when the chief stockholder induces his codirectors, who are dummies and under his control, to vote a large salary to him as president, the action is invalid, and the corporation may defeat the officer's action at law to recover it. Although the directors are given general power to enact by-laws, they cannot enact a by-law conferring on themselves the authority to fix salaries and under the authority thus conferred proceed afterwards to vote themselves salaries." 7 R. C. L. 466, § 447; McConnell v. Combination Min., etc., Co., 30 Mont. 239, 76 P. 194, 104 Am. St. Rep. 703; Schaffhauser v. Arnholt, etc., Co., 218 Pa. 298, 67 A. 417, 11 Ann. Cas. 772, and note; Boothe v. Summit Coal Min. Co., 55 Wash. 167, 104 P. 207, 19 Ann. Cas. 1255; McNulta v. Corn Belt Bank, 164 Ill. 427, 45 N. E. 954, 56 Am. St. Rep. 203; Thompson on Corporations, § 1157; Carr v. Kimball, 153 App. Div. 825, 139 N. Y. S. 253.

[10] It is of no importance that the by-laws of the corporation, before their amendment, authorized the board of directors to elect the officers of the corporation and fix their salaries. Such by-law in no way contravened the law of agency heretofore stated. The right of an officer to receive a salary is a matter of contract, and, as we have shown, such a transaction is lacking in all the elements of a valid contract. Carr v. Kimball, supra; McConnell v. Combination Mining & Mill Co. et al., 31 Mont. 563, 79 P. 248; Jacobson v. Brooklyn Lumber Co., 184 N. Y. 152, 76 N. E. 1075; 14 C. J. 136, § 1906.

If the question was presented here on apt demurrer to the bill, it may be that we would hold that its averments, impeaching the right of Mason to hold the office of a director in the corporation, are defective in failing to affirmatively aver that the "policies" initiated and dictated by Holcomb were a part of the illegal fraudulent scheme to deprive the minority stockholders of a voice in the management of the corporation and the right to participate in the net profits of the business, yet, when these averments are considered under the rule applicable to motion to dissolve and the other averments of the bill, this sufficiently appears.

[11] The authorities are agreed that a stockholder in a corporation, who appears by the books of the corporation to be such, cannot be deprived of the right to vote his stock on the mere allegation that he proposes to use his legal right for purposes which other stockholders may think not to the best interest, or even to the detriment, of the corporation. Walsh et al. v. State ex rel. Cook et al., 199 Ala. 123, 74 So. 45, 2 A. L. R. 551.

[12, 13] But when the statute, as does section 6986 of the Code 1923, makes ownership of stock in the corporation a qualification for holding an office, such as director, the rule of good faith applicable to fiduciary relations must be applied in the construction of the statute, and ownership in fact is of the very essence of the qualification. "While the courts are not disposed to construe such requirements so strictly as to inhibit the transfer of stock for the express and avowed purpose as qualifying the transferee for election to the office of director or trustee, yet such rule is limited to transfers in good faith." 7 R. C. L. 424, § 413; In re George Ringler & Co., 204 N. Y. 30, 97 N. E. 593, Ann. Cas. 1913C, 1036; Re Argus Printing Co., 1 N. D. 434, 48 N. W. 347, 12 L. R. A. 781, 26 Am. St. Rep. 639. A mere pretended transfer of stock to a subordinate employee to be used as a "dummy" by a dominating majority stockholder to overreach the minority and deprive such minority of their rights is certainly not within the contemplation of our statute, and such person is not qualified to be a director, although his name appears on the books of the corporation as a stockholder.

[14] The right to control the election of the board of directors is a right inherent in majority ownership of stock, but the law ex-

acts good faith and fair dealings, and contemplates that the director when elected will exercise the functions of the office honestly for the benefit of all the stockholders, free from pernicious and fraudulent domination of those holding the majority. Decatur Mineral Land Co. v. Palm, 113 Ala. 531, 21 So. 315, 59 Am. St. Rep. 140; Henry et al. v. Ide et al., 208 Ala. 33, 93 So. 860; 7 R. C. L. 424, § 413; Kardo v. Adams, 231 F. 951; In re Elias, 17 Misc. Rep. 718, 40 N. Y. S. 910; Casper v. Kalt-Zimmers Mfg. Co., 159 Wis. 517, 149 N. W. 754; In re St. Lawrence Steamboat Co., 44 N. J. Law, 529. Any other rule would drive capital out of this field of investment and tend to paralyze rather than foster corporate enterprise.

[15, 16] While it is largely a matter of discretion with the board of directors as to what use they will put the profits of the corporate business to, whether to declare dividends or use them in the business of the company, there is a limit to this discretion; and the courts will not allow the directors to use their power oppressively by refusing to declare dividends when the net profits and the character of the business warrant. A court of equity may compel the declaration of dividends at the suit of a minority stockholder. 7 R. C. L. 294, § 269; United States L. Ins. Co. v. Spinks, 125 Ky. 405, 103 S. W. 335; Id. (Ky.) 96 S. W. 889, 13 L. R. A. (N. S.) 1053; Crichton v. Webb P. Co., 113 La. 167, 13 So. 926, 67 L. R. A. 76, 104 Am. St. Rep. 500; note Ann. Cas. 1913D, 777.

[17] The foregoing will indicate we are of opinion that the bill is not without equity and that the motion to dissolve the injunction on that ground is not well taken.

The sworn answers do not deny the major facts upon which the equity of the bill depends. It is not denied that Holcomb and Mason, acting as directors of the corporation, over the protest of Krug and the other director, voted for the resolution authorizing the payment of a salary of $15,000 to Holcomb as president and the answer sets up by way of confession and avoidance the fact that under the agreement of consolidation Holcomb and Krug were each paid a salary of $10,000.

It is not denied that in the same resolution and by the same vote a salary for Mason as secretary was authorized; the same being turned over to Holcomb immediately on its receipt by Mason, and the answers justify this on the theory that it is a loan to Holcomb, although it appears that Mason is indebted to Holcomb for the stock alleged to be held by Mason. It is not denied that Holcomb, without consulting the other directors, had, to a great extent, perfected plans to extend the business of the corporation requiring the expenditure of a large sum, and seeks to justify his conduct by showing that he intended to lay the whole matter before the board at a future date. The answers admit that Holcomb had, without authority, used the money of the corporation for his individual use, and seeks to justify himself by showing that others have done likewise, giving assurance that he will not do so any more. The combined facts clearly show that Holcomb either does not fully appreciate the responsibilities and duties of his trusteeship, or that he is wholly disregardful of them.

It further appears that Holcomb, with the aid of Mason who seems to be his pliant tool, is in complete control of the affairs of the corporation, its books and assets, and it is not improbable, if the injunction is dissolved, that he would use this power, at least to so complicate the affairs of the corporation by involving the rights of strangers, that the granting of relief to the complainant, if he is finally successful in establishing his right, would be rendered more difficult.

For these reasons, we are not of the opinion that the learned trial court abused its discretion in refusing the motion to dissolve on the denials of the answers, and the decree will be affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

On Rehearing.

BROWN, J. [18] Notwithstanding the defendants, appellants here, grounded their several motions to dissolve the temporary injunction on the want of equity in the bill and the denials in their several answers, and by so doing narrowed the issues of law and fact to be considered by the trial court, they now insist that this court, in view of the provisions of section 8311 of the Code of 1923, should have extended its consideration to the affirmative defenses as well. A mere statement of the questions answers the appellants' contention.

As we have heretofore held the statute abrogated the rule theretofore existing, which limited the right of the defendant to move a dissolution, for want of equity in the bill, and on the denials of the sworn answer, and enlarged his right to ground the motion on the sworn denials of the answer and its allegations setting up affirmative matter of defense, but the statute does not restrict the movant's right to limit his motion to the denials in the answer, and, when he does, he limits the scope of the court's consideration. In Saxon v. Parson, 206 Ala. 491, 90 So. 904, the "submission, on motion to dissolve, was on 'bill, sworn answer of respondent, affidavits introduced by complainant (appellant), and oral testimony of respondent.'"

In Daniel v. Birmingham Dental Mfg. Co., 207 Ala. 659, 93 So. 652, the submission was on the motion to dissolve for want of equity, sworn answer, and proof. In Toney v. Bur-

gess, 208 Ala. 55, 93 So. 850, the motion to dissolve was "upon the coming in of the sworn answer of the respondent" without proof. The motion was there denied. In Nelson et al. v. Hammonds, 173 Ala. 14, 55 So. 301, the submission was on the motion to dissolve on sworn answers and proof.

[19] The question as to whether the defendant Holcomb, who is actively managing the affairs of the corporation should be allowed reasonable compensation, pendente lite, is a matter not presented on this appeal, but within the discretion of the trial court, and application in this respect should first be made there. The other questions have been fully considered in the original opinion.

Application overruled.