# Burgess, *et al.* v. Burgess, *et al.*

### Bill to Remove Administration.

(Decided April 5, 1917.  75 South. 5.)

**Gifts; Gift by Testatrix to Administrator; Sufficiency of Evidence.**— In suit to charge an administrator for moneys, etc., received as administrator, and also individually for debts which he owed intestate, and for her property converted by him before her death, evidence held insufficient to warrant holding that defendant should not be allowed to retain $700, which he testified was given him by intestate and her deceased sister.

[Burgess, et al. v. Burgess, et al.]

APPEAL from Franklin Chancery Court.

Heard before Hon. JAMES E. HORTON, JR.

Bill by Houston Burgess and others against W. P. Burgess and others to remove an administration from the probate to the chancery court and to charge the administrator the funds, etc. Decree for complaniants and respondents appeal. Corrected and affirmed.

TRAVIS WILLIAMS and HENRY D. JONES for appellant. W. H. KEY and JOHN T. EZELL for appellees.

MAYFIELD, J.—Appellees filed a bill in the chancery court of Franklin county to remove the administration of the estate of one Malinda McCulloch into the chancery court, and to charge the administrator for funds, moneys, and other properties received as administrator, and also individually for debts which he owed intestate and for property of intestate converted by him before her death. No question is raised as to the sufficiency or the equity of any part of the bill. It was answered, and much evidence was taken; and the chancellor awarded practically all the relief prayed, and respondents appeal.

It appears that the parties are all negroes; that the intestate was of the same race; that all were related, and all are heirs of the intestate.

There lived in that county, many years ago, an old negro, Armstead McCulloch, who at his death had accumulated considerable property, for one of his race. He left as his heirs, when he died, two daughters, old maids, and these came into the possession of his property, which was worth several thousand dollars. Soon after the death of their father these women went to live with appellant, a cousin, who possessed a home, and resided with him until their deaths. One died in December, 1912, and the other in February, 1913; and appellant was appointed administrator of their estates. He was proceeding to administer thereon when this bill was filed. The evidence tends to show that appellant was their favorite cousin; and they seem to have trusted him and relied upon him for advice as well as for a home. They seem to have rented their home, that is, three rooms, of appellant, the same being a part of appellant's house, for which they were to pay $8 per month. The main dispute is as to whether appellant should be charged with $1,200 received from

[Burgess, et al. v. Burgess, et al.]

the old maids. Appellant contends that $500 of this amount was applied in payment of their rent, and that the other $700 was given him by them, as for his care, kindness, and attention. The chancellor allowed the appellant to retain the $500, but charged him with the $700. The chancellor doubted that the contract to pay rent was ever made, but decided that appellant should be allowed $500.

In this respect, only, do we disagree with the finding of the chancellor. We are convinced that the contract of rental was made, and fully carried out on the part of appellant, and that the decree of the chancellor fails to allow him full compensation on this account.

We are unable to find evidence in this record to warrant the holding that appellant should not be allowed to retain the $700 which he testifies was given him by the two negro women, whom he alone had cared for and looked after subsequent to the father's death. It is not shown that it was obtained by undue influence, or that, in strict law and equity, it was not due him. His evidence is very near all there is on the subject, and was partly introduced by appellees. The whole amount of $1,200 will not more than compensate him for the rent and interest for 10 years.

To the extent that appellant is charged with this $700 and to the extent of declaring a trust on lands purchased by appellant with this trust money, the decree of the chancellor is corrected; but in all other matters it is affirmed.

A decree will be here entered in accordance with this opinion. And by the decree the burden of costs will be divided equally between appellant and appellees.

Corrected and affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.