(76 South. 962)

KENNEDY v. LYLE. (5 Div. 662.)

(Supreme Court of Alabama. Nov. 15, 1917.)

EXECUTORS AND ADMINISTRATORS ⚖227(3)—CLAIMS—PRESENTATION—VERIFICATION.

Code 1907, § 2593, relating to presentation of claims, declares that presentation may be made either to the executor or administrator or by filing the claim or statement thereof in the office of the judge of the probate in which letters were granted and that every claim so presented to the executor or administrator and filed in the probate court must be verified by the oath of the claimant or some other person having knowledge of the correctness of the claim. The statute, as originally provided, did not apply to executors or administrators. *Held*, that as presentation according to the statute is necessary to avoid the statute of nonclaim (section 2590), verification of a claim presented to a personal representative is necessary, even though the original instrument of indebtedness, decedent's own note, is presented.

Appeal from Circuit Court, Chilton County; Leon McCord, Judge.

Action by Eunice Kennedy, administratrix, against J. H. Lyle, administrator. From a judgment for the latter, the former appeals. Affirmed.

Lawrence F. Gerald, of Clanton, for appellant. Victor J. Heard, of Clanton, for appellee.

SOMERVILLE, J. In order to avoid the statute of nonclaim (Code, § 2590), claims against decedents' estates must be presented in accordance with the requirements of Code, § 2593, as follows:

"The presentation may be made either to the executor or administrator, or by filing the claim, or a statement thereof, in the office of the judge of probate in which letters were granted, in which case the same must be docketed, with a note of the time of such presentation; and if required, a statement must be given by such judge, showing the time of presentation. Every such claim so presented to the executor or administrator and filed in the probate court must be verified by the oath of the claimant or some other person having knowledge of the correctness of the claim, and that the amount claimed is justly due, or to become due, after allowing all proper credits. Any defect or insufficiency in the affidavit may be supplied by amendment at any time. Any claim may be filed in the probate court as soon as any petition to probate a will or letters, special or general, is granted."

The sole question in this case is whether the statute requires the verification of a claim presented to the personal representative, when the original instrument of indebtedness—the decedent's promissory note here—is itself presented, as distinguished from a presentation merely of a statement of the claim.

---

⚖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

As this same statute existed in the Code of 1896 (section 133), it was construed as not applicable to claims presented personally to the representative. Peevey, Adm'x, v. F. & M. Nat. Bank, 132 Ala. 82, 31 South. 466. But the original statute was changed in the Code of 1907 by interpolating the words "to the executor or administrator," so as to extend the application of verification requirements to both methods of presentation; evidently for the purpose of meeting and overcoming the effect of the decision in the Peevey Case (February, 1902).

The construction given the former statute in that case was rested very largely upon a consideration of the reason and policy of the requirement of verification as applied to the two prescribed modes of presentation. It was there observed by McClellan, C. J.:

"Another reason specially obtaining in cases like this where the claim is evidenced by writing signed by the decedent, is that the writing must be presented to the executor or administrator, while if the other mode of presentation is resorted to, the writing need not be filed at all, but the filing of a mere statement of the claim in the probate judge's office will suffice."

As amended by the present Code (section 2593), we see no rational escape from the conclusion that claims, as well as statements of claims, must be verified as directed by the statute, by whichever mode they may be "presented." The plain language of the law requires it, and we are bound to give it the effect intended, whatever may be the hardships inflicted in particular cases. Such statutes as this often operate harshly and unjustly, but courts cannot for that reason brush them aside, nor construe away their intended effect. In the recent case of Brannan v. Sherry, 185 Ala. 272, 71 South. 106, the identical question was considered, and we there reached the same conclusion.

Our attention is called to the case of Weller v. Rensford, 185 Ala. 333, 64 South. 366, as one recognizing an exception to the rule requiring verification. It was there held that filing suit on a claim was a sufficient personal presentation to the administrator, the party defendant. Whether the claim was verified or not does not appear from the report of the case, and the question was not discussed. It does appear, however, that the administrator was appointed on April 3, 1906, and hence the presentation must have been made before the amended section (2593) became effective by the adoption of the Code in July, 1907. So far as this question may have been involved in the Weller Case, it would, therefore, have been governed by the former statute (section 133, Code 1896) as construed in the case of Peevey v. Bank, supra. Hence the Weller Case does not in any sense support appellant's contention here.

Defendant's plea of nonclaim sufficiently charged a violation of the requirements of the statute, and the trial court did not err in excluding the note sued on from the evidence, unaccompanied as it was by any showing of a verification as prescribed.

Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.