(79 South. 193)

BURGESS et al. v. BURGESS et al.
(8 Div. 71.)

(Supreme Court of Alabama.   May 30, 1918. Rehearing Denied June 20, 1918.)

1. EXECUTORS AND ADMINISTRATORS ⬤⟞222(1) —CLAIMS AGAINST ESTATES—STATUTES OF NONCLAIM—POWER OF REGISTER.

The register was not authorized to allow claims against the estates of decedents not presented and proven as required by the statutes of nonclaim (Code 1907, §§ 2589, 2590).

2. EXECUTORS AND ADMINISTRATORS ⬤⟞473, 474(5)—CLAIMS AGAINST ESTATES—FINDING OF REGISTER—EFFECT.

The finding of the register as to claims against the estates of decedents, after removal of the administration into the chancery court, has the effect of a jury's verdict.

Appeal from Circuit Court, Franklin County; C. P. Almon, Judge.

Suit between W. P. Burgess and others and Houston Burgess and others. From decree for the latter, the former appeal. Affirmed.

Kirk & Rather, of Tuscumbia, and Travis Williams, of Russellville, for appellants. W. H. Key and John T. Ezzell, both of Russellville, for appellees.

---

THOMAS, J. A phase of this case was before the court in Burgess v. Burgess, 199 Ala. 552, 75 South. 5.

[1] The statute is mandatory as to the manner of presenting claims against estates of decedents. The register's statement of the account with the administrator was pursuant to the former judgment here on decree of the chancellor. He was not authorized to allow claims against said estates not presented and proven as required by the statutes, as those statutes have been recently construed by this court. Code 1907, § 2589; Traweek v. Hagler, 199 Ala. 664, 75 South. 152; Code, § 2590; Brannan v. Sherry, 195 Ala. 272, 71 South. 106; Kennedy v. Lyle, 200 Ala. 604, 76 South. 962.

The reason for the statutes of nonclaims was to prevent the payment of unjust, unconscionable, or fraudulent claims that may be made against estates by personal representatives and other creditors, without giving notice to the parties in interest and affording them the opportunity to resist the demands. Appellants submit that, if they are mistaken as to the decree of confirmation of the register's report's not being in accordance with the former opinion in Burgess v. Burgess, supra, this court should reconsider or modify the former decision. L. & N. R. R. Co. v. W. U. Telegraph Co., 195 Ala. 124, 126, 71 South. 118, Ann. Cas. 1917B, 696; Owen v. Bankhead, 82 Ala. 399, 3 South. 97; McQueen v. Whetstone, 127 Ala. 417, 30 South. 548. We are unwilling to depart from that decision, and there is no occasion to do so. The tendency of the evidence is to show that the justice of the case was met in the allowance on the former appeal of the two sums, $500 and $700. No doubt, from the evidence, intestates intended said sums to be compensation to appellant for expenditures made and services rendered, and to be made and rendered, intestates by appellant.

[2] Aside from the foregoing, the finding of the register had the effect of a jury's verdict. Bidwell v. Johnson, 195 Ala. 547, 70 South. 685.

The decree of the circuit court, in equity, is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.