**TONEY et al. v. BURGESS.** (8 Div. 348.)

(Supreme Court of Alabama. June 29, 1922.)

**1. Injunction ⬤═146—Motion to dissolve considered on fact issues presented by sworn denials of answer and affidavits, though properly overruled for want of equity in bill.**

Under Code 1907, § 4535, a motion to dissolve a temporary injunction, though properly overruled for want of equity in the bill, must be considered on issues of fact presented by sworn denials in the answer and affidavits pro and con, the old rule that a temporary injunction will be dissolved almost as a matter of course on sworn denials of the answer, if full and specific, having been changed by the statute.

**2. Mortgages ⬤═413—Bill to enjoin foreclosure of mortgage executed by mortgagor and purchaser at foreclosure sale under prior mortgage, to secure payment of purchase price, held sufficient.**

In a suit to enjoin foreclosure of a mortgage executed by the survivor of two makers of a prior mortgage, given to indemnify the mortgagee against loss on a supersedeas bond, and the purchaser at foreclosure sale thereunder, to secure payment of the purchase price, an amended bill averring that, by agreement between mortgagee and such surviving mortgagor, the latter's land was omitted from the foreclosure sale, that his deceased comortgagor's land was sold for enough to pay all indebtedness under the indemnity mortgage, and that the assignee of the latter's heir redeemed the land for the amount due mortgagee, thereby extinguishing the purchase-money mortgage which embraced the same lands embraced in the indemnity mortgage, sufficiently stated a case for the relief sought by both the mortgagor and purchaser, whose liability on his bid and as purchaser of the property embraced in the mortgage was the same as that of his comortgagor on his part of the mortgage.

**3. Injunction ⬤═163(3) — Restraining order continued when bill contains equity and injury from dissolution would exceed injury from continuance.**

When a bill for injunction contains equity, a pending restraining order should be continued in effect to protect the parties' rights until final determination thereof, if no harm will result to a respondent, or dissolution could result in far greater injury to complainant than could possibly result to respondent from a continuance thereof.

Appeal from Circuit Court, Franklin County; Charles P. Almon, Judge.

Suit by B. J. Toney and another against Charles R. Burgess, to enjoin foreclosure of mortgages. From a decree sustaining demurrer and dismissing the bill, complainants appeal. Reversed and remanded.

E. W. Godbey, of Decatur, for appellants.

If B. J. Toney was liable at all, he was liable as surety of Tim E. Toney, and such suretyship created privity of contract with his principal and with the creditor mortgagee. 72 Ala. 185; 2 Stew. 515; 4 Port. 105; 166 U. S. 571, 17 Sup. Ct. 682, 41 L. Ed. 1129; 12 Heisk. (Tenn.) 7, 27 Am. Rep. 747; 72 Fla. 267, 73 South. 186; 79 Fed. 442, 24 C. C. A. 673. The rule allowing consideration of affidavits on motion to dissolve destroys the old requirements of a dissolution of an injunction on unequivocal denials in the sworn answer. 191 Ala. 310, 68 South. 149. As the retention of the injunction could not injure defendant, and as its dissolution might harm complainants, the injunction should have been held. 100 Ala. 148, 14 South. 552; 167 Ala. 510, 52 South. 735; 191 Ala. 310, 68 South. 149.

Travis Williams, of Russellville, for appellee.

The amended bill fails to make out a case for injunctive relief.

THOMAS, J. The suit is for injunction to restrain foreclosure of mortgages. Respondent filed sworn answer to the bill as originally framed, incorporated demurrer therein, and moved the court to dissolve the injunction. The bill was materially amended. On final submission for decree upon demurrer and upon the motion to dissolve the injunction, "upon the coming in of the sworn answer of the respondent" the demurrer was sustained and the bill dismissed.

---

⬤═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 31.

It is averred that W. Pink Burgess was administrator of an estate and B. J. Toney was surety on his bond as such personal representative; that said administration was duly removed to the chancery court and fixed liabilities were decreed in the case of Houston Burgess and others versus W. P. Burgess, individually and as administrator. Burgess v. Burgess, 199 Ala. 552, 75 South. 5; Id., 201 Ala. 631, 79 South. 193. On appeal to this court W. Pink Burgess executed a supersedeas bond in the penal sum of $4,033, with Charles R. Burgess and B. J. Toney as sureties. As inducement that Charles R. Burgess execute such supersedeas bond, W. Pink Burgess and wife and B. J. Toney and wife executed a mortgage to said Charles R. Burgess to indemnify him "against loss or liability" suffered by him on that "appeal and supersedeas bond," in the sum made the amount of the mortgage, and to hold the said Charles R. Burgess "harmless as against liability on the aforesaid bond." It is also averred that B. J. Toney joined in an execution of the same gratuitously, without any consideration moving to him.

To the bill as originally filed, defendant's sworn answer (filed October 25, 1920) contained the averments that after the case of Burgess v. Burgess was affirmed on last appeal, Charles R. Burgess paid the money necessary to effectuate a full settlement of that decree amounting to $3,281.76; that W. Pink Burgess owed Charles R. Burgess "other moneys" (than that for the assumption of liability indicated), evidenced by notes and mortgage; that W. Pink Burgess died on November 7, 1917, and B. J. Toney became administrator of his estate; and that Charles R. Burgess, having filed his several claims against that estate on June 7, 1918, the administrator requested foreclosure of the indemnity mortgage and the other mortgages secured by the lands of W. Pink Burgess, deceased. The indemnity mortgage of $4,033 was secured by certain lands belonging to W. Pink Burgess and certain of the lands of B. J. Toney; and on the foreclosure only the lands of W. P. Burgess were sold, and Tim E. Toney became the purchaser for the sum of $5,343.93, that being the amount which the estate of W. P. Burgess owed Charles R. Burgess at that time. A deed to the purchaser at foreclosure sale was made by Charles R. Burgess on August 10, 1918, when the payment of this purchase money was arranged as follows: On execution of a deed to the Burgess land, Tim E. Toney and wife and B. J. Toney and wife executed to Charles R. Burgess a mortgage for $5,343.93, the amount of the purchase money of the Burgess lands on foreclosure sale. And in addition to the execution of said mortgage B. J. Toney and Tim E. Toney signed the notes for which the mortgage was given as security. It is further averred that Tim E. Toney went into

possession of the Burgess land he had bought on foreclosure and that B. J. Toney remained in possession of the lands which he put in the mortgage as security. The last mortgage embraced not only the lands purchased by Tim E. Toney at foreclosure sale, but also 137 acres belonging to B. J. Toney. It is noted from the averments in pleading that, notwithstanding the several transactions indicated, the lands given as security in the last mortgage of date August 10, 1918, signed by B. J. and Tim E. Toney and their wives, were the same as contained in the indemnity mortgage of date August 16, 1917, executed by W. P. Burgess and wife and B. J. Toney.

After the foreclosure of the mortgages by W. Pink Burgess to Charles R. Burgess, Mattie Suggs, the sole surviving heir of W. Pink Burgess, deceased, sold and conveyed, or assigned, to W. L. Chenault her right of redemption under the statute, of the Burgess lands from said mortgage foreclosure, and said assignee of that statutory right filed his bill in the chancery court to redeem the Burgess land, making Charles R. Burgess a party as the holder of said mortgage against the lands, and the amount necessary to effectuate redemption was paid into court. Respondent's answer was to the bill as originally filed; which contained the averments that by final decree of the court in said cause (Toney v. Chenault, 204 Ala. 329, 85 South. 742), to which these complainants (B. J. and Tim E. Toney) and Charles R. Burgess were respondents. Chenault was let in to redeem at and for $5,293.69, and the redemption money was ordered paid by the register to complainant on the 1918 mortgage, and the Pink Burgess lands so redeemed were relieved of the mortgage by that decree. And it is averred that the sum thus ascertained as due was paid by the register on said mortgage on June 25, leaving a balance due on said mortgage on September 25, 1920, on which date the B. J. Toney lands, described in said mortgage, were advertised to sell, that balance being "the sum of $957.27."

By way of amendment (of the original bill) of date November 29, 1920, it was averred that the redemption sought by Mr. Chenault was from the mortgage of date August 16, 1917, and that on August 10, 1918, the mortgagee, Charles R. Burgess, by agreement between said mortgagee and B. J. Toney, "the Burgess tract of land described in said mortgage was sold at * * * foreclosure sale and the tract of land described in said indemnity mortgage as the B. J. Toney land was omitted from said foreclosure sale, the said B. J. Toney agreeing to make the Burgess tract of land * * * bring a sum * * * sufficient to fully pay and satisfy the indebtedness secured by said mortgage, including attorneys' fee, interest and costs of sale;" and at said sale the "Burgess tract of land was sold to Tim E.

Toney * * * for the sum of $5,343.93 * * * and the said sum of money was sufficient to and did pay all indebtedness under the * * * indemnifying mortgage, and * * * in full compliance with the agreement between * * * B. J. Toney and * * * Charles R. Burgess;" that "nothing is due by complainants [B. J. and Tim E. Toney] or either of them under said indemnifying mortgage, of August 16th, 1917." On the same date complainants further amended their bill as follows:

"That the said Wm. L. Chenault was let in by the court to redeem, as assignee of said Mattie Suggs, heir at law of said W. P. [Pink] Burgess, who died in November, 1917. And said Wm. L. Chenault did redeem the said described Burgess lands paying the sum of $5,-419.34, the exact amount due and necessary to be paid to satisfy the said indemnifying mortgage, and the amount necessary to effect redemption. And complainants aver that the redemption of the Burgess lands, and the foreclosure of the indemnifying mortgage and purchase of the land therein sold, extinguished the mortgage executed on to wit, August 10, 1918."

The bill as thus amended was not answered, or the record fails to disclose the fact that the answer theretofore filed to the original bill was refiled to the bill as last amended. Nor were demurrers shown to have been filed, or the same theretofore filed to the original bill, refiled to the bill as last amended; nor was the same responded to by demurrer, answer or motion to dissolve the injunction.

[1] In Daniel v. Birmingham Dental Mfg. Co., 93 South. 652,[1] this court recently said that the old rule—that a temporary injunction would be dissolved almost as a matter of course upon the sworn denials of the answer if full and specific—has been changed by section 4535 of the Code of 1907; and conclusions for or against the dissolution of injunction will and must, under the statute, be treated here on review as any finding of fact upon a defined issue. Therefore, although the motion to dissolve the writ was, for want of equity in the bill, properly overruled, it must nevertheless be considered on the issue of fact presented by the sworn denials of the answer and the affidavits pro and con. Nelson v. Hammonds, 173 Ala. 14, 55 South. 301; Kyser v. Hertzler, 188 Ala. 658, 65 South. 967; Franklin v. Long, 191 Ala. 310, 68 South. 149; Rice v. Davidson, 206 Ala. 226, 89 South. 600. See, also, Caples v. Young, 206 Ala. 282, 89 South. 460; Brown v. Bell, 206 Ala. 182, 89 South. 659.

[2] The bill as last amended sufficiently stated a case for the relief sought; and had the grounds of demurrer theretofore assigned

to the original bill been directed to the bill as last amended, the same would not have been well assigned.

The liability of Tim E. Toney was the same as that of B. J. Toney on his part of the mortgage, for the liability of B. J. Toney as comortgagor with Tim E. Toney for the latter's bid cannot be distinguished from the liability of the latter on the bid and as purchaser at the foreclosure sale of the property embraced in the mortgage. It was the same liability for which both Toneys were bound or discharged, as the case was. It is not apparent how statutory redemption, under the averments of the amended bill, was consummated in chancery, without payment of the foreclosure purchase price, lawful charges, interest at the rate prescribed by statute, etc., as ascertained and decreed by the court, and that the payment of such funds did not wholly extinguish the mortgages given by B. J. Toney to redemptioner and embraced in that litigation. There was error in sustaining the demurrer assigned to the bill as amended, and in dismissing "complainant's bill of complaint together with this cause * * * at the costs of the complainants," as was the final decree.

Considering the bill as last amended and the answer filed (there being no evidence offered in form of affidavits), the injunction should not have been dissolved.

[3] The restraining order should be retained pending the litigation to prevent a change of title to the lands made the subject of the suit. Rice v. Davidson, supra. When a bill contains equity, till final determination thereof, the pending injunction should be continued in effect to protect the right of parties, if so doing will result in no harm to a respondent (Scholze v. Steiner, 100 Ala. 148, 14 South. 552; Profile Cotton Mills v. Calhoun Water Co., 189 Ala. 181, 66 South. 50); or when it is evident that its dissolution could result in far greater injury to the complainant than could possibly result to respondent from a continuance thereof until final determination of the cause. On the evidence before us in the bill as amended and the answer of respondent, the restraining order should be continued in force until final determination of the rights of the parties. Franklin v. Long, supra; Woodstock Operating Co. v. Quinn, 201 Ala. 681, 79 South. 253; Rice v. Davidson, supra; Standard Chem. & Oil Co. v. Faircloth, 200 Ala. 657, 77 South. 31.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.

---

[1] 207 Ala. 659.