(135 So. 412)

## THARP v. LOEB HARDWARE CO.

### 3 Div. 692.

Court of Appeals of Alabama.
June 9, 1931.

Weil, Stakely & Cater, of Montgomery, for appellee.

## SAMFORD, J.

Plaintiff sues to recover of defendant as administratrix of the estate of F. B. Tharp, deceased, an account claimed to be due plaintiff by deceased in his lifetime. The only plea is that of the statute of nonclaims, by which plea it is claimed that the account of plaintiff was not filed in accordance with sections 5815 and 5818 of the Code of 1923.

The cause was tried by the court without a jury, whose finding on the facts will not be disturbed unless such finding is clearly erroneous. McClurkin v. McClurkin, 206 Ala. 513, 90 So. 917.

In a suit of this character, where the statute of nonclaim is interposed and issue is joined thereon, the burden is on the plaintiff to prove that the claim sued on was duly presented in one of the two ways in which it may be done and that it was properly verified as required by section 5818 of the Code of 1923. Brannan v. Sherry, 195 Ala. 272, 71 So. 106.

Since the adoption of the Code of 1907, section 2593, which section is now section 5818 of the Code of 1923, "Every such claim so presented must be verified by the oath of the claimant, or some other person having knowledge of the correctness of the claim, and that the amount claimed is justly due, or to become due, after allowing all proper credits." Hence, it will be observed that decisions on this point rendered before the Code of 1907 are not in point and that since that time due presentation of a claim to an executor or administrator includes proper verification. Brannan v. Sherry, 195 Ala. 272, 71 So. 106; Kennedy v. Lyde, 200 Ala. 604, 76 So. 962.

In undertaking to discharge the burden resting upon it, the plaintiff introduced one

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellant.

witness, Max Eisenburg, who was the credit man of plaintiff and in charge of its accounts and credits. He testified that on March 12, 1927, he mailed the statement under date of March 12th, with a letter in words and figures as follows:

"Mrs. Kate Tharp,
"Adm'x Estate of F. B. Tharp,
"City.
"Dear Madam:
"We enclose statement of our account against the estate of F. B. Tharp, deceased. Please file same for us.
"Yours very truly,
"Loeb Hardware Co., Inc."

He further testified that the envelope had the return address of the plaintiff printed on it, and that it was never returned; that after March 12th (about three months) he called up defendant over the phone and she told him she knew nothing about it and referred him to her son or to Mr. Whiting, her attorney. On cross-examination this witness admitted that he did not mail the letter himself; he supposed it to have been mailed in the regular order of business. The only communication Eisenburg had with defendant was the phone conversation above alluded to, but at some time, whether before or after the statute of nonclaim had run or not witness did not know, he talked with Ernest Tharp, defendant's son, who said it would be paid.

Defendant being examined as a witness testified that she did not receive any letter from plaintiff inclosing a claim; that she had paid all claims filed against the estate and knew nothing about this claim until some three months after the statute had barred it.

There are at least two reasons why this plaintiff is not entitled to recover:

■ First, there is no sufficient evidence upon which to find that a statement of the account, together with the letter above copied, was ever mailed to the defendant in such sort as to raise the presumption that she received it in due course. Evidence that a letter was duly posted raises the presumption that it was received by the party to whom addressed. But, "due posting" includes, not only writing the letter and addressing it, but that it was stamped and placed in the United States mail. Merely "supposing" that a letter stamped reached the United States mail is no evidence that it reached the custody of the United States authorities. 6 Enc. Digest, 55 (50). The evidence for plaintiff on this point resolves itself to this statement by the witness Eisenberg: That the letter was written; that a statement of the account was inclosed; that he did not mail it, but he supposes that in the usual way it reached the United States mail, although he admits that some three

months afterwards he phoned defendant and she denied knowing anything about it.

■ In the second place, the plaintiff cannot recover because there is no evidence that the account claimed to have been forwarded to defendant in due course of mail was itemized and verified as required by the section of the Code above cited. No matter which mode of presentation is used, the claim must be verified and the burden of proving this is on the plaintiff. Kennedy v. Lyle, 200 Ala. 604, 76 So. 962; Weller v. Rensford, 185 Ala. 333, 64 So. 366.

■ It would make no difference in this case if defendant had referred plaintiff to her son and the son had admitted the correctness of the account. Such facts would not excuse due verification and presentation to defendant. Brannan v. Sherry, 195 Ala. 292, 71 So. 106.

For the above reasons, we must hold that the judgment rendered by the trial court was error and must be reversed.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.